```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

SHAWNA GABORIAULT, on behalf  )
of herself and all others     )
similarly situated,           )
                              )
     Plaintiff,               )
                              )
         v.                   )    Case No. 2:24-cv-113
                              )
PRIMMER, PIPER, EGGLESTON,    )
& CRAMER, P.C., AND JOHN      )
DOES 1 TO 10,                 )
                              )
     Defendants.              )
```

## OPINION AND ORDER

Plaintiff Shawna Gaboriault ("Plaintiff"), individually and as personal representative of a putative class, brings this action against the law firm of Primmer Piper Eggleston & Cramer and various John Does (collectively "PPEC") claiming that PPEC failed to protect certain personal information from a cyberattack. Pending before the Court are PPEC's motions to bifurcate and stay discovery. ECF Nos. 26, 27. For reasons set forth below, those motions are **denied.**

PPEC argues that the Court should divide discovery into two phases: the first relating to pre-class certification issues such as subject matter jurisdiction, Plaintiff's individual claims, and class certification, and the second to post-certification discovery and the overall merits of the case. When PPEC filed the current motions, it had pending before the

Court its Rule 12 motion to dismiss for lack of subject matter jurisdiction (Plaintiff's Article III standing) and failure to state a claim. The Court has now ruled on that motion, concluding that Plaintiff has standing and that she may proceed on several of her causes of action. PPEC's motion to bifurcate submits that, looking beyond the Rule 12 questions, if Plaintiff's claims remain intact after limited discovery and summary judgment, and the Court determines at that time that she can serve as a class representative, the parties should only then be allowed to undertake class-wide discovery.

    The Federal Rules of Civil Procedure do not specifically address the issue of discovery bifurcation. For guidance, some courts look to Rule 42(b), which provides the standard for consolidating and separating cases for trial. *See* Fed. Civ. P. 42(b); *Cunningham v. Big Think Cap. Inc.*, No. 21CV02162DRHJMW, 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021). "Borrowing from Rule 42, courts contemplate bifurcating discovery '[f]or convenience, to avoid prejudice, or to expedite and economize' the proceedings." *Id.* (quoting Fed. R. Civ. P. 42(b)). "In light of these factors, and considering that such bifurcation is properly understood as a stay of class discovery pending resolution of plaintiff's individual claim, a district court has 'considerable discretion to stay discovery' under Federal Rule of Procedure 26(c)." *Id.* (internal quotation and citation

omitted).  The moving party has the burden of establishing good cause under Rule 26(c).  *Id.*

Good cause for bifurcation may exist "where the 'resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary,'" *Charvat v. Plymouth Rock Energy, LLC*, No. 15CV4106JMASIL, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016) (quoting *Tabor v. New York City*, 11-CV-0195, 2012 WL 603561, at *10 (E.D.N.Y. Feb. 23, 2012)), or where 'a narrow, potentially dispositive issue,' being "totally distinct from class issues,' has the potential [to] render Plaintiff's claim baseless," *id.* (quoting *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132, 2014 WL 413534, at *2 (D.N.J. Feb. 4, 2014)).  *Cunningham* performed "a survey of past cases in this Circuit" and found "that bifurcation is the exception, not the rule.  Indeed, courts are likely to deny bifurcation 'where discovery relating to class issues overlaps substantially with merits discovery' given that, in such circumstances, 'bifurcation will result in duplication of efforts and needless line-drawing disputes.'"  2021 WL 4407749, at *3 (quoting *Charvat*, 2016 WL 207677, at *2).  "Moreover, courts will not bifurcate if bifurcation will simply delay class certification or obfuscate the issue of what discovery relates to the class as opposed to the named plaintiff."  *Id.*

3

This case involves a data breach that allegedly impacted over 350 people. Fundamental questions include the nature of the breach, efforts to protect against such a breach, and the resulting harm. At the very least, the first two questions – nature of the breach and efforts to protect the confidential information – will most likely be uniform across the purported class, thus lending themselves to class-wide discovery.

PPEC argus that bifurcation will promote efficiency since Plaintiff's standing does "not turn on the merits of the case," and because "merits discovery in this matter will be wide-ranging, expensive, and time-consuming." ECF No. 26 at 6. The Court finds these arguments unpersuasive, in part because, as noted above, it has resolved the question of Plaintiff's standing. As a result, there is no longer "a single issue [that] may resolve the case and render trial on the other issue[s] unnecessary." *Charvat*, 2016 WL 207677, at *2 (internal quotation and citation omitted).

Furthermore, the time expenditure and expense related to class-wide discovery would be relevant only if Plaintiff's claims were distinct from those of the purported class members. The pleadings, however, suggest significant overlap. Un-bifurcated discovery will avoid the needless duplication of effort, and could reveal whether Plaintiff's claims are atypical. *See, e.g., Hines v. Overstock, Com, Inc.*, No. 09-CV-

4

991 (SJ), 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) ("In this case, defendant has made no showing that discovery relating to class certification is entirely distinct from, and not enmeshed with, discovery relating to class certification.").

Finally, bifurcation would delay consideration of class certification.  Given the likely overlap between Plaintiff's claims and those of the class, such delay would be unjustified.  The Court thus finds that PPEC has failed to show good cause for bifurcation, and the motion to bifurcate is denied.

The motion stay is also denied, as it requests a stay while PPEC's motion to dismiss and motion to bifurcate are pending.  ECF No. 27 at 2.  Because the Court recently issued a ruling on the motion to dismiss and resolves the question of bifurcation in the instant ruling, the motion to stay is moot.

For the reasons set forth above, PPEC's motion to bifurcate discovery (ECF No. 26) and motion to stay discovery (ECF No. 27) are **denied.**

DATED at Burlington, in the District of Vermont, this 18th day of October, 2024.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge