**UNITED STATES DISTRICT COURT**

**DISTRICT OF VERMONT**

| | |
|---|---|
| SHAWNA GABORIAULT, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., AND JOHN DOES 1 TO 10<br><br>Defendants. | Case No. 2:24-cv-00113<br><br>Judge William K. Sessions III |

**STIPULATED AMENDED DISCOVERY SCHEDULE/ORDER**

The parties submit the following Amended Discovery Schedule pursuant to Local Rule 26(a)(2).

The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1. **Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

This is a data breach class action arising out of an alleged November 2021 cyberattack on Defendant. As a result of that data breach, Plaintiff alleges that Plaintiff and Putative Class Members have been placed at an imminent, immediate, and continuing risk of harm from identity theft and identity fraud, allegedly requiring them to take time and effort to mitigate the actual and potential impact of the incident on their lives.

**Plaintiff's Position:** Plaintiff alleges Defendant failed to safeguard highly sensitive Protected Health Information ("PHI") including but not limited to medical information, names, health insurance information and policy numbers, diagnosis and clinical information, physician name and practice type, medical history, medical procedure information, medical record numbers, test results and lab reports, treatment type and location, as well as Personal Identifying Information ("PII") including names, Social Security numbers, driver's license numbers, financial account numbers, dates of birth, online credentials, tax identification numbers, passport numbers and/or electronic signatures which Plaintiff alleges Defendant collected from Plaintiff and/or Class Members. Plaintiff alleges Defendant also failed to provide timely accurate and adequate notice to Plaintiff and other Class Members that their Private Information had been stolen

and failed to provide timely, accurate and adequate notice of precisely what types of information were stolen. Plaintiff seeks all discovery relating to the merits and Rule 23.

**Defendant's Position:** Defendant intends to seek discovery into the following non-exclusive categories: 1) Plaintiff's and Putative Class Members' alleged damages, if any, as a result of the alleged data breach; 2) Actions taken by Plaintiff and the Putative Class Members to protect their information prior to the alleged data breach; 3) Actions taken by Plaintiff and the Putative Class Members to respond to the alleged data breach; 4) Facts regarding whether Plaintiff and the Putative Class Members' information were exposed or potentially exposed in any unrelated data breaches; 5) Facts supporting each of Plaintiff's causes of action; and 6) Facts supporting Plaintiff's claims for class treatment. Defendant reserves its right to amend or supplement this list as needed.

2. **The parties have conferred about disclosure, discovery, and preservation of electronically stored information ("ESI"). Unless noted otherwise, ESI shall be produced in the following format(s):**

The parties will have an ESI discovery plan completed by October 31, 2025.

The parties further stipulate:

a. FORM OF WRITTEN DISCOVERY. If requested, interrogatories, requests for production and requests for admission shall be served with an electronic copy in Microsoft Word format.

b. SERVICE OF DISCOVERY ITEMS BY EMAIL. The parties stipulate that discovery demands and responses may be served by email using counsel's ECF email address. The email may attach the items or include a link in the body of the email to download the document. All documents served in this manner are deemed to be originals for all purposes in this lawsuit.

3. **The parties have conferred about claims of privilege and claims of protection as trial-preparation materials. The parties have agreed upon the following procedure to assert these claims after production:**

The parties intend to negotiate an appropriate order to address issues of confidentiality, trade secrets, and proprietary information. The parties will have a proposed confidentiality and protective order completed by **October 31, 2025** and submitted to the Court for review and entry. Defendant nonetheless anticipates privilege issues, and potential motion practice, concerning discovery into work product and attorney-client communications, proprietary, confidential and trade secret information. The parties will meet and confer in an effort to narrow the scope or to avoid such motions practice.

Claims of privilege or work product after production will be addressed as specified in Fed. R. Civ. P. 26(b)(5)(B).

4. **Changes to be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules for this District:**

**None**.

5. **DEADLINES**

| **Event** | **Proposed Deadline** |
|---|---|
| Deadline for Rule 26(a) Initial Disclosures | Already exchanged |
| Deadline to Amend Pleadings and Add Parties | January 9, 2026 |
| Deadline for Completion of Class Discovery | June 30, 2026 |
| Plaintiffs' Motion for Class Certification and Class Certification Expert Reports | July 31, 2026 |
| Defendant's Opposition to Plaintiffs' Motion for Class Certification and Defendants' Class Certification Expert Reports | September 18, 2026 |
| Plaintiffs' Reply in Support of Motion for Class Certification and Rebuttal Class | October 9, 2026 |

| | |
|---|---|
| Certification Expert Reports | |
| Class Certification Expert Discovery Complete | June 30, 2026 |
| Deadline to Serve Written Discovery (Interrogatories, Requests to Produce, Requests to Admit) | July 15, 2026 |
| Deadline for Non-Expert Depositions | October 30, 2026 |
| Fact Discovery Complete | October 30, 2026 |
| Deadline for Disclosure of Plaintiff's Experts on Liability and/or Damages | October 2, 2026 |
| Deadline for Disclosure of Defendant's Experts on Liability and/or Damages | November 20, 2026 |
| Deadline for Expert Depositions | December 31, 2026 |
| Expert Discovery Complete | December 31, 2026 |
| Dispositive Motions and *Daubert* Motions | TBD |

| | |
|---|---|
| Motions Related to Conduct of Trial | TBD |
| Trial Ready | February 2027 |

6. The Early Neutral Evaluation session shall be conducted thirty (30) days following decision on class certification. The parties will propose the early neutral evaluator.

Dated: October 24, 2025

Respectfully submitted,

_/s/ Yongmoon Kim_
Yongmoon Kim (*pro hac vice*)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel & Fax: (201) 273-7117
Email: ykim@kimlf.com

Andrew B. Delaney
MARTIN DELANEY & RICCI LAW GROUP
100 North Main Street
Barre, Vermont 05641
T: (802) 479-0568
Email: andrew@mdrvt.com

**Attorneys for Plaintiff and the Proposed Class**

Dated: October 24, 2025

Respectfully submitted,

_/s/ Matthew S. Borick_
Matthew S. Borick
DOWNS RACHLIN MARTIN PLLC
199 Main Street, P.O. Box 190
Burlington, VT 05401
Telephone: (802)-863-2375
mborick@drm.com

Christopher J. Seusing (*pro hac vice*)
WOOD SMITH HENNING & BERMAN, LLP
33 Riverside Avenue, Suite 502
Westport, CT 06880
Telephone: (475)-755-7040
cseusing@wshblaw.com

**Attorneys for Defendant Primmer Piper Eggleston & Cramer PC**

**APPROVED and SO ORDERED:**

**/s/ William K. Sessions III**
Hon. William K. Sessions III, U.S. District Judge
Dated: October 27, 2025

25267079.1