```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

SHAWNA GABORIAULT, on behalf  )
of herself and all others     )
similarly situated,           )
                              )
       Plaintiff,             )
                              )
          v.                  )    Case No. 2:24-cv-113
                              )
PRIMMER, PIPER, EGGLESTON,    )
& CRAMER, P.C., AND JOHN      )
DOES 1 TO 10,                 )
                              )
       Defendants.            )
```

## OPINION AND ORDER

Plaintiff Shawna Gaboriault ("Plaintiff"), individually and as personal representative of a putative class, brings this action against the law firm of Primmer Piper Eggleston & Cramer and various John Does (collectively "PPEC") claiming PPEC failed to protect her personal information from a cyberattack. Pending before the Court is PPEC's motion to compel responses to certain interrogatories and requests for production. PPEC also moves for sanctions and an award of expenses. Plaintiff served responses after PPEC filed its motion, and argues the motion is therefore moot. Plaintiff also contends that any delay in production was substantially justified. PPEC contends that Court-ordered sanctions and expenses are still warranted.

For the reasons set forth below, PPEC's motion to compel, for sanctions, and for expenses is denied.

## Factual Background

This case centers on a data breach that allegedly occurred between November 8 and November 11, 2021. The information at issue may have included "names, Social Security numbers, driver's license numbers, financial account numbers, dates of birth, medical information, health insurance numbers, online credentials, tax identification numbers, passport numbers and/or electronic signatures."  ECF No. 1 at 1, ¶ 1. The Complaint alleges there are 373 putative class members.

Plaintiff initiated the case on February 2, 2024. The Complaint asserts causes of action for negligence; negligent hiring and retention; breach of contract; breach of implied contract; invasion of privacy; publication of private facts; and unjust enrichment. For relief, the Complaint seeks both equitable relief and damages, including punitive damages.

PPEC served its First Set of Interrogatories and Requests for Production on March 31, 2025. Responses were due in May 2025. However, on May 1, 2025 the parties moved for a stay, informing the Court that a mediation had been scheduled for August 5, 2025. On July 15, 2025, the Court entered an order staying the case pending the mediation.

On October 15, 2025, PPEC notified the Court that the mediation had been unsuccessful. On October 27, 2025, the Court entered a Stipulated Amended Discovery Order lifting the stay

and establishing various case deadlines. The deadline for completing fact discovery is October 30, 2026.

On February 13, 2026, PPEC sent a letter to Plaintiff's counsel addressing Plaintiff's lack of discovery responses. On February 24, 2026, PPEC again notified opposing counsel that responses had not been received and requested production by February 26, 2026. On February 25, Plaintiff's counsel requested a one-week extension. PPEC agreed to the extension.

On March 5, PPEC demanded production by the following day. Plaintiff's counsel reportedly represented that responses would be forthcoming. On March 10, Plaintiff's counsel advised opposing counsel of his upcoming trial schedule, and the parties agreed to resume communications on March 20. The parties continued communicating between March 20 and March 24, with Plaintiff's counsel again assuring PPEC that discovery responses were imminent. Plaintiff's lead counsel reports that soon thereafter, however, he suffered the first of three separate illnesses that spanned late March and part of April 2026.

PPEC filed its pending motion to compel on April 17, 2026. Plaintiff filed her opposition to the motion to compel on May 15, 2026. Prior to that filing, but after receiving the motion to compel, she served PPEC with responses to the outstanding discovery requests. Plaintiff therefore argues in her opposition memorandum that PPEC's primary request for relief – an order

compelling responses – is moot. Plaintiff also contends that any delays in production were substantially justified by the work schedule and illnesses of lead counsel. Plaintiff submits that sanctions, such as a court-ordered waiver of objections or an award of expenses, are not warranted given (1) the ongoing and open communications between the parties, (2) a documented explanation for the inability to respond, and (3) the lack of prejudice to PPEC. PPEC maintains that the delays were largely unjustified and that an order for sanctions and expenses is appropriate.

## Discussion

While Plaintiff argues that the motion to compel is largely moot, Federal Rule of Civil Procedure 37 states that production of discovery in response to a motion to compel does not moot the motion. *See* Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(A) pertains primarily to an award of expenses to the moving party. The Rule provides:

> if the disclosure or requested discovery is provided after the motion [to compel] was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Plaintiff argues that two of the three Rule 37(a)(5)(A) exceptions apply: that the delayed production was "substantially justified" and that an award of fees would be "unjust." *Id.*

When considering the "substantial justification" exception, courts apply an objective standard of reasonableness. *See Bowne of N.Y. City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995). A party's conduct is substantially justified if "there was a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the contested action." *Jundan Wu v. Seol Garden, Inc.*, No. 16 CV 3613, 2018 WL 507315, at *8 (E.D.N.Y. Jan. 22, 2018) (citing *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011)). It is Plaintiff's burden to establish that the delayed disclosure was justified. *See Jackson v. Nassau Cnty.*, 350 F.R.D. 227, 233 (E.D.N.Y. 2025); *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) ("The burden to prove substantial justification or harmlessness rests with the dilatory party.").

In this case, PPEC characterizes Plaintiff's discovery responses as long overdue. There is no dispute, however, that the Court-approved stay pending mediation extended the response time by several months. Once the parties began discussing production in mid-February 2026, counsel again extended the response time by agreement. When the trial schedule of Plaintiff's lead counsel interfered with production in March 2026, the parties agreed to discuss the matter at the end of the month. After those discussions, and apparently unbeknownst to PPEC's counsel, Plaintiff's lead counsel suffered a series of illnesses.

This sequence of events suggests that much of the delay was by agreement of the parties. The Court appreciates that PPEC granted several extensions as a courtesy. In light of those extensions, however, the Court will not now deem any resulting delay as unjustified. Accordingly, the primary period in dispute is that of counsel's illness. The Court finds that unforeseen illness constitutes an objectively reasonable justification for delayed production and, at the very least, creates a genuine dispute about whether counsel's delay during his illness was reasonable. The Court similarly finds that an award of fees and expenses under these circumstances would be unjust.

As to any claim of prejudice, that Court notes that fact discovery is not due to close for several months, expert

6

discovery concludes at the end of 2026, and the case is set to be trial ready in February 2027. Plaintiff's discovery responses in May 2026 should allow the parties to comply with all existing deadlines. The Court therefore finds insufficient prejudice to support an award of expenses.

In addition to an award of expenses, PPEC asks the Court to deem all objections waived. Under Federal Rule of Civil Procedure 33(b)(4), "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Here, for reasons largely stated above, the Court finds Plaintiff had good cause to submit untimely responses and, correspondingly, untimely objections. Much of the delay was the result of reasonable allowances by opposing counsel, while undisputed periods of illness do not warrant imposition of a blanket, Court-ordered waiver. PPEC's motion is denied.

## Conclusion

For the reasons set forth above, PPEC's motion to compel, motion for sanctions, and motion for an award of expenses (ECF No. 46) is denied.

DATED at Burlington, in the District of Vermont, this 4th day of June 2026.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge