**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

SHAWNA GABORIAULT, *on behalf of herself and those similarly situated*,

Plaintiff,

vs.

PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., and JOHN DOES 1 to 10,

Defendants.

Civil Action No. 2:24-cv-00113-wks

---

**MOTION FOR CLASS CERTIFICATION**
**AND MEMORANDUM OF LAW IN SUPPORT**

**(ORAL ARGUMENT REQUESTED)**

---

Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

Andrew B. Delaney, Esq.
MARTIN DELANEY & RICCI LAW GROUP
100 North Main Street
Barre, Vermont 05641
Tel. (802) 479-0568

*Attorneys for Plaintiff Shawna Gaboriault*

## TABLE OF CONTENTS


**1. INTRODUCTION ........ 1**

**2. NATURE OF THE ACTION. ........ 2**

**3. THE ASCERTAINABLE CLASS. ........ 3**

**4. THE CLASS REPRESENTATIVES. ........ 5**

**5. CLASS COUNSEL. ........ 5**

**6. CLASS NOTICE. ........ 5**

**7. REQUIREMENTS FOR CLASS CERTIFICATION. ........ 6**

1.1 The Elements of Rule 23(a). ........ 9

1.1.1 Numerosity. ........ 10

1.1.2 Commonality. ........ 11

1.1.3 Typicality. ........ 12

1.1.4 Adequacy. ........ 13

1.2 Maintaining a b(3) Class: Predominance and Superiority ........ 16

**8. CONCLUSION ........ 18**

## TABLE OF AUTHORITIES

### CASES

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997).......................................................................... 7, 10, 15, 18

*Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79,*
238 F.R.D. 82 (S.D.N.Y. 2006) ........................................................................... 14

*Baker v. Saint-Gobain Performance Plastics Corp.*,
632 F. Supp. 3d 19 (N.D.N.Y. 2022)................................................................... 14

*Bourlas v. Davis Law Assocs.*,
237 F.R.D. 345 (E.D.N.Y. 2006) .......................................................................... 5

*Brown v. Kelly*,
609 F.3d 467 (2d Cir. 2010) ............................................................................... 6, 9

*Caridad v. Metro-N. Commuter R.R.*,
191 F.3d 283 (2d Cir. 1999) ................................................................................. 12

*Coyle v. Hornell Brewing Co.*,
2011 U.S. Dist. LEXIS 97762 (D.N.J. Aug. 30, 2011) ....................................... 14

*Cypress v. Newport News General and Nonsectarian Hospital Ass'n*,
375 F.2d 648 (4th Cir. 1967) ............................................................................... 11

*Dewey v. Volkswagen Aktiengesellschaft*,
681 F.3d 170 (3d Cir. 2012) ................................................................................. 14

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974)................................................................................................ 5

*Elisa W. v. City of N.Y.*,
82 F.4th 115 (2d Cir. 2023) .................................................................................. 11

*Fikes Wholesale, Inc. v. Visa U.S.A., Inc.,* 62 F.4th 704 (2d Cir. 2023)........................................ 3

*In re Anthem, Inc. Data Breach Litigation,*
327 F.R.D. 299 (N.D. Cal. 2018)............................................................... 7, 8, 9, 13

*In re Cmty. Bank of N. Virginia*,
622 F.3d 275 (3d Cir. 2010) ................................................................................. 14

*In re Drexel Burnham Lambert Grp.*,
960 F.2d 285 (2d Cir. 1992) ................................................................................. 13

*In re Hudson's Bay Co. Data Sec. Incident Consumer Litig.*, No. 18-cv-8472 (PKC), 2022
U.S. Dist. LEXIS 102805 (S.D.N.Y. June 8, 2022) ............................................ 12

*In re Hydrogen Peroxide Antitrust Litig.*,
552 F.3d 305 (3d Cir. 2008) ................................................................................. 16

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
827 F.3d 223 (2d Cir. 2016) ................................................................................. 14

*In re Petrobras Sec. Litig.*,
862 F.3d 250 (2d Cir. 2017) ........ 3, 4, 6, 16

*Kindle v. Dejana,*
315 F.R.D. 7 (E.D.N.Y. 2016) ........ 10

*Koeller v. Numrich Gun Parts Corp.*,
No. 1:22-cv-675, 2023 U.S. Dist. LEXIS 228801 (N.D.N.Y. Dec. 20, 2023) ........ 12

*Larson v. AT&T Mobility LLC,*
*687 F.3d 109 (3d Cir. 2012)* ........ 14

*Liberty Lincoln Mercury v. Ford Mktg. Corp.*,
149 F.R.D. 65 (D.N.J. 1993) ........ 11

*M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*,
No. 98-CV-99C, 2008 WL 343011, (W.D.N.Y. Feb. 6, 2008) ........ 13

*Marcus Corp. v. Am. Express Co. (In re Am. Express Anti-Steering Rules Antitrust Litig.),*
No. 11-MD-2221 (NGG) (RER), 2015 U.S. Dist. LEXIS 102714 (E.D.N.Y. Aug. 4, 2015) ........ 15

*Marisol A. ex rel. Forbes v. Giuliani*,
126 F.3d 372 (2d Cir. 1997) ........ 12

*Moore v. PaineWebber, Inc.*,
306 F.3d 1247 (2d Cir. 2002) ........ 16

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
259 F.3d 154 (3d Cir. 2001) ........ 10

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978) ........ 6

*Perkins v. S. New Eng. Tel. Co.*,
669 F. Supp. 2d 212 (D. Conn. 2009) ........ 16

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993) ........ 10, 13

*Ruggles v. Wellpoint, Inc.*,
272 F.R.D. 320 (N.D.N.Y. 2011) ........ 12

*Seijas v. Republic of Arg.*,
606 F.3d 53 (2d Cir. 2010) ........ 18

*Sheinberg v. Sorensen*,
606 F.3d 130 (3d Cir. 2010) ........ 14

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ........ 10, 11

**STATUTES**

9 V.S.A. § 2435(a)(2) ........ 2

### OTHER AUTHORITIES

FED. R. CIV. P. 23(g) .......... 5, 14, 15

*Newberg on Class Actions* (5th ed.) .......... 14, 16, 17

## 1. INTRODUCTION

Defendant Primmer, Piper, Eggleston & Cramer, P.C. ("PPEC") is a law firm that regularly accepts, receives, transmits, and sends personally identifiable information ("PII") and protected health information ("PHI") during the regular course of business. However, PPEC has failed to safeguard the highly sensitive PII and PHI of Plaintiff Shawna Gaboriault and the proposed Class, including medical information, health insurance information and policy numbers, diagnosis and clinical information, physician name and practice type, medical history, medical procedure information, medical record numbers, test results and lab reports, treatment type and location, names, Social Security numbers, driver's license numbers, financial account numbers, dates of birth, online credentials, tax identification numbers, passport numbers, and/or electronic signatures.

On August 4, 2022, PPEC announced through a Notice of Security Incident that an unauthorized third party gained access to PPEC's network through malware, resulting in a data breach involving at least 76 GB of data that had been identified for copying to a server in New Zealand. According to PPEC's notice, 46 GB of data had been copied before the copying was discovered and stopped, and the downloaded data was potentially accessible during the download and before access was terminated.

This case presents common questions capable of classwide resolution, including whether PPEC owed duties to protect Plaintiff's and Class Members' PII and PHI, whether PPEC failed to implement reasonable data-security measures, whether PPEC failed to provide timely and adequate notice of the breach, and what relief is appropriate for the Class. Plaintiff seeks certification of a Class defined as: "All persons whose PII and/or PHI was exposed in the PPEC Data Breach announced on or about August 4, 2022."

Plaintiff now moves to certify this action as a class action.

## 2. Nature Of The Action.

This case arises from Defendant Primmer, Piper, Eggleston & Cramer, P.C.'s alleged failure to safeguard Plaintiff's and Class Members' highly sensitive protected health information and personally identifying information, and its alleged failure to provide timely, accurate, and adequate notice after that information was exposed in a data breach. Specifically, Plaintiff alleges that PPEC collected and maintained Private Information including medical information, health insurance information and policy numbers, diagnosis and clinical information, physician name and practice type, medical history, medical procedure information, medical record numbers, test results and lab reports, treatment type and location, names, Social Security numbers, driver's license numbers, financial account numbers, dates of birth, online credentials, tax identification numbers, passport numbers, and/or electronic signatures. Compl. (ECF No. 1) at ¶ 1.

On August 4, 2022, PPEC announced through a Notice of Security Incident sent to Ms. Gaboriault's attorney that an unauthorized third party gained access to PPEC's network through malware, resulting in a data breach involving at least 76 gigabytes of data that was "identified for copying to a server to New Zealand." PPEC further disclosed that 46 gigabytes of data had been copied before the copying was discovered and stopped, and that the downloaded data was potentially accessible during the download and before access was terminated. *Id*. at ¶¶ 2, 4.

Vermont law directs data collectors to "notify the owner or licensee of the information of any security breach immediately following discovery of the breach." 9 V.S.A. § 2435(a)(2). Plaintiff alleges that, assuming PPEC discovered the Data Breach during its occurrence from November 8, 2021 to November 11, 2021, PPEC failed to disclose the Data Breach for nearly nine months. *Id*. at ¶¶ 9-10.

Thus, Plaintiff seeks certification of a Class consisting of "[a]ll persons whose PII and/or PHI was exposed in the PPEC Data Breach announced on or about August 4, 2022." Plaintiff seeks

damages and equitable relief arising from PPEC's alleged failure to safeguard Class Members' Private Information and provide timely, adequate notice of the Data Breach.

### 3. THE ASCERTAINABLE CLASS.

Plaintiff seeks to certify the following Class:

> All persons whose PII and/or PHI was exposed in the PPEC Data Breach announced on or about August 4, 2022.

The Second Circuit has a modest threshold. It "requires only that a class be defined using objective criteria that establish a membership with definite boundaries." *In re Petrobras Sec. Litig.*, 862 F.3d 250, 264 (2d Cir. 2017). The proposed definition allows for identification of each class member derived from PPEC's own business records. Membership therefore turns on objective facts reflected in PPEC's records: whose PII and/or PHI was included in the data exposed in the Data Breach. The Class consists of over 40 natural persons. *Kim Decl.* ¶ 27.

PPEC also represented to the New Hampshire Attorney General that the exposed data "varied by individual but generally included Social Security numbers, driver's license numbers/non-driver identification card numbers, dates of birth, medical information, health insurance numbers, financial account numbers, online credentials, tax identification numbers, passport numbers, and electronic signatures. Compl. (ECF No. 1) at ¶ 8.

The Class is defined based on the common facts shared with Plaintiff. The qualifying factor—whether a person's PII and/or PHI was exposed in the PPEC Data Breach announced on or about August 4, 2022—promotes manageability (which is a factor relevant to the predominance and superiority requirements under FED. R. CIV. P. 23(b)(3)). This definition uses objective criteria and is tied directly to PPEC's own records identifying whose Private Information was compromised and who was sent notice of the Data Breach.

In *Fikes Wholesale, Inc. v. Visa U.S.A., Inc.*, the Second Circuit reaffirmed that the

ascertainability standard sets a modest threshold requiring only that a class be defined using objective criteria that establish membership with definite boundaries. *See* 62 F.4th 704, 716 (2d Cir. 2023). Applying this standard, *Fikes* held that defining a class by reference to a specific timeframe, geographic location, and common harmful course of conduct is "all that is needed" to satisfy ascertainability.

Crucially, *Fikes* emphasized that Rule 23 does not require a showing of "administrative feasibility" or proof that identifying class members will avoid individualized inquiry. Rather, the sole inquiry is whether determining class membership is "objectively possible." *Id.* at 717 (quoting *In re Petrobras Sec.*, 862 F.3d 250, 264, 270 (2d Cir. 2017)).

Here, the proposed Class definition easily satisfies—and indeed exceeds—the *Fikes* standard. Membership is tied directly to clear, objective criteria: (1) a single, discrete event (the PPEC Data Breach announced on or about August 4, 2022), (2) a specific, defined harm (the exposure of PII and/or PHI), and (3) PPEC's own business records. Identifying class members is not only "objectively possible"—it has already been established by PPEC itself, which identified the specific individuals whose Private Information was compromised and to whom PPEC sent notification letters. Because membership is bounded by objective criteria and directly verifiable through Defendant's records, the proposed Class is fully ascertainable under Second Circuit law.

The objective nature of the Class promotes manageability and supports predominance and superiority under Rule 23(b)(3). The Class does not require the Court to determine whether each person suffered the same downstream harm before determining membership. Instead, the threshold membership question is simple and common: whether the person's PII and/or PHI was exposed in the PPEC Data Breach announced on or about August 4, 2022. PPEC represented through counsel that the class involves over 600 consumers.

Accordingly, the Class is readily ascertainable. PPEC's records identify the affected persons, the Data Breach provides the common event that defines the Class, and the Class definition establishes definite boundaries without requiring individualized liability or damages determinations at the membership stage.

**4. THE CLASS REPRESENTATIVES.**

The interests of Shawna Gaboriault are in obtaining damages on behalf of herself and the class resulting from Defendant's violations of the law. There is no conflict between her interests and those of the other members of the proposed class. Gaboriault Decl. ¶ 17.

**5. CLASS COUNSEL.**

The proposed Class Counsel is the Kim Law Firm LLC and Martin Delaney & Ricci Law Group. The Declarations of Messrs. Kim and Delaney submitted with this Motion set forth (a) the work performed in identifying and investigating potential claims in this action, (b) generally describe the work performed; (c) their experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (d) their knowledge of the applicable law, and (e) the resources they will commit to representing the class—all required factors under FED. R. CIV. P. 23(g). Delaney Decl. ¶¶ 3-5; Kim Decl. ¶¶ 34-47.

**6. CLASS NOTICE.**

After a class is certified under FED. R. CIV. P. 23(b)(3), "the court is required to direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Further, "[i]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 356 (E.D.N.Y. 2006) (quoting *Eisen,* 417 U.S. at 173).

The cost of such notice is generally borne by plaintiffs. *Eisen,* 417 U.S. at 178-79. The

Supreme Court has expressly recognized that, with respect to identification of class members, "the defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978). "In such cases, we think that the district court properly may exercise its discretion under FED. R. CIV. P. 23(d) to order the defendant to perform the task in question." *Id.*

Therefore, if this Motion is granted, Plaintiff will move for approval of a notice and, to the extent the information has not already been provided by Defendant in discovery, to compel Defendant to provide the mailing list to the appointed class counsel for the purpose of serving notice to the class.

### 7. REQUIREMENTS FOR CLASS CERTIFICATION.

"At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." FED. R. CIV. P. 23(c)(1)(A).

The Second Circuit explained:

> A plaintiff seeking certification of a Rule 23(b)(3) class action bears the burden of satisfying the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—as well as Rule 23(b)(3)'s requirements: (1) that "the questions of law or fact common to class members predominate over any questions affecting only individual members" (the "predominance" requirement); and (2) that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (the "superiority" requirement).

*In re Petrobras Sec. Litig.,* 862 F.3d 250, 260 (2d Cir. 2017).

Here, Plaintiff Gaboriault seeks to maintain the class under FED. R. CIV. P. 23(b)(3). Under Rule 23(b)(3), "class certification is appropriate if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class litigation is superior to other available methods for fairly and efficiently adjudicating the controversy." *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010) (quoting Fed. R. Civ. P. 23(b)(3)).

"The dominant concern of Rule 23(a) and (b) [is] that a proposed class have sufficient unity so that absentees can fairly be bound by class representatives' decisions." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 593 (1997).

Claims arising from the PPEC Data Breach announced on or about August 4, 2022 present ideal circumstances for class treatment. In *In re Anthem, Inc. Data Breach Litigation*, the court certified a data breach settlement class arising from the electronic theft of personally identifiable information and personal health information of approximately 79.15 million current and former health plan members and employees. *In re Anthem, Inc. Data Breach Litigation,* 327 F.R.D. 299, 306-07 (N.D. Cal. 2018). There, the certified class included "[a]ll Individuals whose Personal Information was maintained on Anthem's Enterprise Data Warehouse and are included in Anthem's Member Impact Database and/or received a notice relating to the Data Breach." *Id*. The court found commonality because the settlement class members suffered the same injury: their personal information was stored on the same Anthem data warehouse that was breached by hackers. The court further found that the "extensiveness and adequacy of Anthem's security measures" lay "at the heart of every claim," and that the answer to those questions did not vary from class member to class member because the information was stored in one data warehouse. *Id.* at 308.

The same reasoning applies here. Plaintiff alleges that PPEC failed to safeguard the PII and PHI of Plaintiff and the Class, and that the Data Breach exposed their Private Information. The proposed Class consists of "[a]ll persons whose PII and/or PHI was exposed in the PPEC Data Breach announced on or about August 4, 2022."

PPEC's own discovery responses confirm that its records identify the individuals whose information was implicated in the Data Breach and their states of residence. In response to

Plaintiff's Request for Production No. 1, PPEC agreed to produce documents sufficient to summarize "the total number of impacted individuals and their states of residence." Def.'s Resp. to Pl.'s First Set of Req. for Produc. No. 1, Exhibit A to Kim Decl. The information implicated varied by individual, but generally included Social Security numbers, driver's license or non-driver identification card numbers, dates of birth, medical information, health insurance numbers, financial account numbers, online credentials, tax identification numbers, passport numbers, and electronic signatures. Notice to the Vermont Office of the Attorney General (PRIM000053), and Notice to the New Hampshire Office of the Attorney General (GABORIAULT_PPEC_00011 - 15), Exhibits E and F to Kim Decl. Because liability turns on PPEC's common conduct in safeguarding that information, responding to the Data Breach, and notifying affected individuals, common questions of law and fact predominate over any individualized issues. Class certification is therefore appropriate under Rule 23(b)(3).

Any factual variations between *Anthem* and this matter are distinctions without a difference. In *Anthem*, the court certified the class because the core issues turned on a common data breach, common data-security practices, and common questions about whether the defendant adequately protected class members' information. The court explained that all claims were "premised on and dependent on the notion that Anthem violated the law by failing to adequately secure the personal information in its data warehouse." *Id*. at 308. The court also held that the "course of conduct challenged" stemmed from "one actor" and affected all settlement class members in the same manner. *Id.* at 309.

Here too, Plaintiff's claims turn on common questions that can be resolved with common proof: whether PPEC maintained reasonable data-security practices, whether PPEC failed to safeguard Class Members' PII and PHI, whether the Data Breach exposed that Private Information,

and whether PPEC's notice was timely and adequate. Plaintiff alleges PPEC failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the PII and PHI maintained on its systems. Plaintiff also alleges PPEC failed to provide timely, accurate, and adequate notice to Plaintiff and Class Members that their Private Information had been stolen and failed to identify precisely what types of information were stolen.

Nor do differences in the precise information exposed for each Class Member defeat certification. In *Anthem*, the court found typicality satisfied even though class representatives and class members had different types of personal information stolen, "ranging from home addresses to dates of birth to Social Security numbers," and even though some had experienced fraudulent use while others had not. Here, PPEC's own representation similarly states that the exposed information varied by individual. Those variations do not change the common course of conduct or the common liability questions.

**1.1 The Elements of Rule 23(a).**

For a lawsuit to be maintained as a class action under Rule 23, a named plaintiff must establish each of the four threshold requirements of subsection (a) of the rule, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if:
>
> > (1) the class is so numerous that joinder of all members is impracticable;
> >
> > (2) there are questions of law or fact common to the class;
> >
> > (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> >
> > (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). See, *e.g.*, *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010).

Before addressing the specific factors, it is important to recognize, as did the Supreme

Court, that commonality, typicality, and adequacy tend to merge as each element attempts to address the overriding issue as to whether the interests of absent class members will be sufficiently protected by the representatives. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 n.5 (2011); *Amchem Products, Inc. v. Windsor*, 521 U.S. at 593.

Furthermore, when evaluating commonality and typicality, the Third Circuit observed:

> We have set a low threshold for satisfying both requirements. That is, Rule 23(a) does not require that class members share every factual and legal predicate to meet the commonality and typicality standards. [N]either of these requirements mandates that all putative class members share identical claims. Nevertheless, we require courts to examine them separately because the criteria remain distinct.

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183 (3d Cir. 2001) (internal quotation marks and citations omitted).

In the case at bar, all four of the required elements of Rule 23(a) are easily satisfied.

***1.1.1 Numerosity.***

FED. R. CIV. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." It is well established in the Second Circuit that a presumption of impracticability arises—and Rule 23(a)(1) is satisfied—whenever a prospective class consists of forty or more members. *See Robidoux*, 987 F.2d at 935–36; *Kindle v. Dejana*, 315 F.R.D. 7, 11 (E.D.N.Y. 2016) ("In this Circuit, numerosity is presumed where a putative class has forty or more members."); *Pinsker*, 465 B.R. at 375 ("In the Second Circuit, courts presume that joinder is impracticable when the prospective class consists of forty or more members."). Furthermore, a class representative is not required to show the exact size of the class or identify every specific class member at the certification stage. *See Robidoux*, 987 F.2d at 935; *Pinsker*, 465 B.R. at 375.

Nevertheless, numerosity is not purely based on numbers; the factors include "the size of the class, ease of identifying members and determining addresses, ease of service on members if joined, geographical dispersion and whether proposed members of the class would be able to

pursue remedies on an individual basis." *Liberty Lincoln Mercury v. Ford Mktg. Corp.*, 149 F.R.D. 65, 74 (D.N.J. 1993). Thus, courts have found numerosity for classes with as few as 18 members. *Cypress v. Newport News General and Nonsectarian Hospital Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967).

Here, litigation and discovery have revealed that the PHI and PII of over 600 individuals were exposed as a result of the PPEC data breach. Joinder of hundreds of individuals whose PII and PHI were allegedly exposed in the same data breach would be impracticable. Courts routinely find numerosity satisfied at far lower numbers. Thus, the size of the class is sufficient to satisfy FED. R. CIV. P. 23(a)(1).

***1.1.2 Commonality.***

FED. R. CIV. P. 23(a)(2) requires that there be "questions of law or fact common to the class." But claims for relief do not need to be identical to satisfy commonality. *Elisa W. v. City of N.Y.*, 82 F.4th 115, 123 (2d Cir. 2023). Rule 23(a)(2) "simply requires that there be issues whose resolution will affect all or a significant number of the putative class members." *Id*. As the Supreme Court has found, "[w]e quite agree that for purposes of Rule 23(a)(2) even a single common question will do." *Wal-Mart*, 564 U.S. at 359 (internal quotes, citations and editing omitted).

In the present case, Plaintiff and the proposed class share the common facts that their PII and/or PHI was exposed in the PPEC Data Breach announced on or about August 4, 2022. They also share the common question of law as to whether PPEC failed to use reasonable data-security practices to safeguard their Private Information, whether PPEC's conduct caused the exposure of that information, and whether PPEC's notice was timely and adequate. As there exists at least one common question of law or fact shared between Plaintiff and the proposed class, the commonality requirement is satisfied. In data breach class actions, federal district courts within the Second Circuit routinely find that commonality is satisfied where class members share overarching legal

and factual questions regarding a defendant's data security practices and the resulting exposure of private information. *See, e.g.*, *In re Hudson's Bay Co. Data Sec. Incident Consumer Litig.*, No. 18-cv-8472 (PKC), 2022 U.S. Dist. LEXIS 102805, at *17 (S.D.N.Y. June 8, 2022) (holding commonality satisfied because all class members shared core questions, including "whether defendants negligently breached any duty to safeguard payment-card data and whether the breach occurred as a result of defendants' negligence"); *Koeller v. Numrich Gun Parts Corp.*, No. 1:22-cv-675, 2023 U.S. Dist. LEXIS 228801, at *3–4 (N.D.N.Y. Dec. 20, 2023) (certifying class following data breach and holding that "there are issues of law and fact that are common to the Settlement Class" regarding defendant's alleged failure to protect sensitive private information).

#### ***1.1.3 Typicality.***

FED. R. CIV. P. 23(a)(3) requires that a representative plaintiff's claims be "typical" of those of other class members. As the Second Circuit has consistently held, typicality requires that "the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Caridad v. Metro-N. Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999).

> [T]he typicality criterion focuses on the correspondence between the claims raised by the named parties and those of the class they seek to represent. *See Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999) (typicality requires "the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class.") (internal quotation marks and citation omitted); *In re Frontier Ins. Grp.*, 172 F.R.D. at 41. This prerequisite is met when each class member's claim arises from the same course of events, and each class member will offer similar arguments to demonstrate a defendant's liability. *Marisol A.*, 126 F.3d at 376 (citations omitted).

*Ruggles v. Wellpoint, Inc.*, 272 F.R.D. 320, 336-37 (N.D.N.Y. 2011).

This prerequisite is satisfied 'when each class member's claim arises from the same course of events, and each class member will offer similar arguments to demonstrate a defendant's liability.' *Marisol A. ex rel. Forbes v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (quoting *In re*

*Drexel Burnham Lambert Grp.*, 960 F.2d 285 (2d Cir. 1992); *accord Vasquez v. A+ Staffing LLC*, 746 F. Supp. 3d 26, 48–49 (E.D.N.Y. 2024); *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, No. 98-CV-99C, 2008 WL 343011, at *5 (W.D.N.Y. Feb. 6, 2008).

When the alleged unlawful conduct affected both the named plaintiff and each class member sought to be represented, "the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993).

The requirement is met here. Plaintiff and the Class share the same core fact: their PII and/or PHI was exposed in the PPEC Data Breach announced on or about August 4, 2022. Plaintiff and the Class share the same central legal issues: whether PPEC maintained reasonable data-security practices, whether PPEC failed to safeguard Class Members' PII and PHI, whether the Data Breach exposed that Private Information, and whether PPEC's notice was timely and adequate.

In *In re Anthem, Inc. Data Breach Litigation*, the court found typicality satisfied in a data breach class action even though the types of personal information stolen varied among class members. *Anthem*, 327 F.R.D. at 309. Similarly, Plaintiff's claims arise from the same PPEC Data Breach and the same alleged failure to protect Private Information as the claims of the Class. Plaintiff's claims are, therefore, typical of the Class's claims.

***1.1.4 Adequacy.***

The final requirement under FED. R. CIV. P. 23(a) is set forth in subsection 23(a)(4). It requires that "the representative parties will fairly and adequately protect the interests of the class." It looks at whether the representatives and their counsel will prosecute the class claims vigorously to ensure that the absent class members' interests will be properly advocated. Consequently, it also looks at conflicts of interest between those of the representatives and those of the class. *See In re*

*Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 231 (2d Cir. 2016).

Prior to the 2003 amendment to Rule 23, adequacy focused on both the plaintiff and plaintiff's counsel. Courts in the Second Circuit recognized, however, that the amendment transferred consideration of class counsel's adequacy to FED. R. CIV. P. 23(g*). Baker v. Saint-Gobain Performance Plastics Corp.*, 632 F. Supp. 3d 19, 42 (N.D.N.Y. 2022) (citing *Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79,* 238 F.R.D. 82, 100 (S.D.N.Y. 2006)). *See also Larson v. AT&T Mobility LLC, 687 F.3d 109 (3d Cir. 2012)*; *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 181 n. 13 (3d Cir. 2012); and, *Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010). Furthermore, FED. R. CIV. P. 23(g), when read in conjunction with FED. R. CIV. P. 23(c)(1)(B), appears to sever the determination of counsel's adequacy from the consideration as to whether to certify a class.

Courts have been slow to recognize this change and, referring to *Sheinberg,* one authority acknowledged the Third Circuit is the only appellate court to do so. *Newberg on Class Actions* (5th ed.) §3:80 at 421. Nevertheless, there is continued difficulty eliminating all consideration of counsel under 23(a)(4). The Third Circuit observed:

> "Realistically, for purposes of determining adequate representation, the performance of class counsel is intertwined with that of the class representative." *Pelt v. Utah,* 539 F.3d 1271, 1288 (10th Cir. 2008). As our own Judge Aldisert has explained, "[e]xperience teaches that it is counsel for the class representative and not the named parties ... who direct and manage [class] actions. Every experienced federal judge knows that any statements to the contrary [are] sheer sophistry." *Greenfield v. Villager Indus., Inc.,* 483 F.2d 824, 832 n. 9 (3d Cir. 1973).

*In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 292 (3d Cir. 2010).

Similarly, in *Coyle v. Hornell Brewing Co.*, 2011 U.S. Dist. LEXIS 97762 (D.N.J. Aug. 30, 2011), the court suggested that *Sheinberg* did not extract consideration of counsel's adequacy from FED. R. CIV. P. 23(a)(4) but merely required that the FED. R. CIV. P. 23(g) factors be considered.

Consequently, the adequacy of the Plaintiff and her counsel is addressed here, incorporating the requirements under FED. R. CIV. P. 23(g).

Beginning with Plaintiff's adequacy, the focus is on whether Plaintiff's interests conflict with the class. "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem,* 521 U.S. at 625; *Larson*, 687 F.3d at 132.

Shawna Gaboriault disavows the existence of any conflicts of interest (Gaboriault Decl. ¶¶ 13, 17) and has been active participants throughout all phases of this litigation (Kim Decl. ¶¶ 28-33). Indeed, Mrs. Gaboriault's interests and the class's interests are the same, precluding the possibility that their interests are antagonistic. All seek damages awardable as a result of the data breach, and Plaintiff's pursuit of those damages for herself is not in conflict with the class's objectives. To the contrary, they all seek the same objectives; Shawna Gaboriault meets the adequacy requirement.

Regarding class counsel's adequacy, the Court must consider four factors:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class[.]

FED. R. CIV. P. 23(g)(1)(A); *Marcus Corp. v. Am. Express Co. (In re Am. Express Anti-Steering Rules Antitrust Litig.),* No. 11-MD-2221 (NGG) (RER), 2015 U.S. Dist. LEXIS 102714, at *49 (E.D.N.Y. Aug. 4, 2015). In addition, the Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B); *Marcus Corp.,* 2015 U.S. Dist. LEXIS 102714, at *49.

The Declarations of Mr. Kim and Mr. Delaney explain that Plaintiff's counsel has undertaken extensive work investigating and identifying and pursuing potential claims, sets forth counsel's significant experience handling class actions including the types of claims asserted here, and that, not only is counsel willing to commit sufficient resources to representing the class, but that counsel has already done so. (Kim Decl. ¶¶34-47; Delaney Decl. ¶ 5).

Under these circumstances, both the Plaintiff and her proposed class counsel have satisfied the adequacy requirements under FED. R. CIV. P. 23(a)(4).

**1.2 Maintaining a b(3) Class: Predominance and Superiority**

Rule 23(b)(3) predominance is satisfied when common questions are more substantial than individualized questions and can be resolved through generalized proof. *In re Petrobras Securities*, 862 F.3d 250, 270-71 (2d Cir. 2017). The focus is qualitative, not a mechanical tally of common and individual issues. The question is whether classwide adjudication will materially advance the case.

Predominance is satisfied only if 'resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.' *Perkins v. S. New Eng. Tel. Co.*, 669 F. Supp. 2d 212, 224 (D. Conn. 2009) (quoting *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002)). Thus, the Court must "formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3d Cir. 2008). One commentator observed that "the predominance analysis logically entails two distinct steps… A court must first *characterize* the issue in the case as common or individual and then *weigh* which predominates. * * * This is more of a qualitative than quantitative analysis." *Newberg on Class Actions* (5th ed.) § 4:50 at 196-7.

The Court must also find "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). This analysis requires comparing a representative action to multiple individual claims. *Newberg on Class Actions* (5th ed.) § 4:64 at 250.

Rule 23(b)(3), enumerates four factors to be considered in resolving the predominance and superiority issues:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Plaintiff and each class member received the same Notice of Security Incident from PPEC, notifying Plaintiff and the class members that their PII/PHI was included in the Data Breach. Although each class member may have had different categories of PII/PHI that were exposed during the data breach, that individualized information is irrelevant to the class claim.

Rather, the class claim addresses PPEC's owed duties to protect Plaintiff's and Class Members' PII and PHI, whether PPEC failed to implement reasonable data-security measures, and whether PPEC failed to provide timely and adequate notice of the breach, and what relief is appropriate for the Class.

Thus, proof of the class's claim is based on evidence common to all class members. There is no need for individualized evidentiary submissions. Instead, the ultimate question as to whether the class members are entitled to relief can be readily proven with evidence common to all class members.

In addition, here, individualized prosecution of each class member's claims is inefficient

and, therefore, unlikely. "In such circumstances [of small recoveries], the class action device is frequently superior to individual actions." *Seijas v. Republic of Arg.*, 606 F.3d 53, 58 (2d Cir. 2010). Consequently, aggregating those claims is more efficient and economical.

The Supreme Court has recognized the advantage of class actions.

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Amchem Products,* 521 U.S. at 617.

There should be no difficulty in managing the class. The class consists of individuals whose PII/PHI was exposed during the PPEC data breach. The breach is not evaluated from the individual or subjective perspective of the Plaintiff or any class member, but, instead, from the objective perspective of the least sophisticated consumer.

For all of those reasons, the predominance and superiority requirements are satisfied sufficient to certify this class under FED. R. CIV. P. 23(b)(3).

## 8. CONCLUSION

For the foregoing reasons, Plaintiff Shawna Gaboriault respectfully requests the Court enter an Order (1) certifying this action as a class action under FED. R. CIV. P. 23(b)(3) pursuant to FED. R. CIV. P. 23(c)(1)(A); and (2) define the class and the class claims, appoint Plaintiff as class representative, and appoint class counsel pursuant to FED. R. CIV. P. 23(c)(1)(B).

Dated: July 31, 2026

Respectfully submitted,

MARTIN DELANEY & RICCI LAW GROUP

_/s/ Andrew Delaney_
Andrew Delaney
100 North Main Street
Barre, Vermont 05641
Telephone: (802)-479-0568
andrew@mrdvt.com

KIM LAW FIRM LLC

_/s/ Yongmoon Kim_
Yongmoon Kim, Esq. (*pro hac vice*) 411
Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Telephone: (201)-273-7117
ykim@kimlf.com
*Attorneys for Plaintiff Shawna Gaboriault*

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2026, I am filing the foregoing document with the Clerk of Court via the CM/ECF system, which will provide notice of such filing to all NEF counsel and that I will cause a copy of this brief in opposition to be sent to Christopher J. Seusing, Esq. at cseusing@wshblaw.com.

_/s/ Andrew Delaney_
Andrew Delaney