**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| SHAWNA GABORIAULT, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., AND JOHN DOES 1 TO 10<br><br>Defendant. | Civil Action No. 2:24-cv-00113 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PRIMMER PIPER EGGLESTON & CRAMER PC'S SECOND MOTION TO COMPEL PLAINTIFF'S COMPLETE RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION, AND FOR AWARD OF EXPENSES UNDER RULE 37**

**DOWNS RACHLIN MARTIN, PLLC**
*/s/ Matthew Borick*
Matthew Borick
State Bar No. 4064
199 Main Street
Burlington, VT 05401
Telephone: (802)-863-2375
mborick@drm.com

**WOOD SMITH HENNING & BERMAN, LLP**
*/s/ Christopher J. Seusing*
Christopher J. Seusing *(Pro hac vice)*
Timothy D. Shea *(Pro hac vice)*
Lauren M. Schulman
33 Riverside Avenue., Suite 502
Westport, CT 06880
Telephone: (475) 755-7040
cseusing@wshblaw.com
tshea@wshblaw.com
lschulman@wshblaw.com

.

Dated: September 11, 2026

***Attorneys for Defendant***
***Primmer Piper Eggleston & Cramer PC***

# TABLE OF CONTENTS

**I. INTRODUCTION** ........................................................ **1**

**II. BACKGROUND** ........................................................ **1**

A. The Action and Claims Asserted ........................................................ 1

B. Service of Defendant's Discovery Requests and Subsequent Stay of Discovery ............ 2

C. Defendant's Compliance, the First Motion to Compel, and the Court's Order ............... 2

D. Plaintiff's Amended Responses Remain Deficient ........................................................ 3

E. Prejudice to Defendant and Need for Court Intervention ........................................ 4

**III. LEGAL ARGUMENT** ........................................................ **5**

A. Plaintiff's Deficient and Evasive Amended Responses Warrant an Order Compelling Complete Responses Under Fed. R. Civ. P. 37(a) ........................................................ 5

B. A Fixed Deadline Is Necessary to Prevent Further Prejudice and Ensure Compliance... 6

C. Plaintiff's Boilerplate Objections and Conditional, Evasive Responses Should Be Overruled ........................................................ 6

D. Plaintiff Must Provide a Computation of Damages, and Her Improper Objections Should Be Overruled ........................................................ 7

E. An Award of Defendant's Reasonable Expenses Is Mandatory Under Fed. R. Civ. P. 37(a)(5) ........................................................ 9

**IV. CONCLUSION** ........................................................ **10**

# TABLE OF AUTHORITIES

Cases

*Cohalan v. Genie Indus., Inc.*,
276 F.R.D. 161 (S.D.N.Y. 2011) .......... 7, 8

*Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*,
No. 02CIV.9151(KMW)(HBP), 2003 WL 22455224 (S.D.N.Y. Oct. 28, 2003) .......... 9

*Ellen Stimson v. State Farm Fire & Casualty*,
Co., No. 2:23-CV-581, 2026 WL 88 t *8 (D. Vt. Mar. 31, 2026) .......... 6, 7, 8

*Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*,
238 F.R.D. 536 ash;38 (D. Conn. 2006) .......... 8

*Jankowski v. Centurion of Vermont, LLC*,
No. 2:22-CV-169-CR-KJD, 2024 WL 48855 (D. Vt. Jan. 4, 2024) .......... 9

*Pariseau v. Killington/Pico Ski Resort Partners, LLC*,
No. 2:23-CV-00043, 2025 WL 1736146 (D. Vt. June 23, 2025) .......... 6, 9

*Senat v. City of New York*,
255 F.R.D. 338 (E.D.N.Y. 2009) .......... 8

*Wright v. Rochester Sportfishing, Inc.*,
No. 6:24-CV-06240 CJS CDH, 2025 WL 1024002 (W.D.N.Y. Apr. 7, 2025) .......... 9

Rules

Fed. R. Civ. P. 26(b)(1) .......... 5

Fed. R. Civ. P. 33(b)(4) .......... 7

Fed. R. Civ. P. 34 .......... 7, 8

Fed. R. Civ. P. 37 .......... passim

## I. Introduction

Defendant Primmer Piper Eggleston & Cramer PC ("Defendant" or "PPEC") respectfully submits this Memorandum of Law in support of its Second Motion to Compel Plaintiff Shawna Gaboriault ("Plaintiff") to serve complete and specific responses to Defendant's First Set of Interrogatories and Requests for Production; and for an award of Defendant's reasonable expenses, including attorneys' fees, incurred in bringing this motion pursuant to Fed. R. Civ. P. 37.[1]

## II. Background

### A. The Action and Claims Asserted

Plaintiff, individually and as personal representative of a putative class, filed a class action complaint in the U.S. District Court for Vermont on February 2, 2024 ("Complaint"). *See* ECF No. 1. The Complaint alleges that PPEC failed to protect her personal information from a cyberattack carried out by unknown criminals (the "Data Breach"). *Id.* The Complaint further alleges that PPEC "failed to implement and maintain reasonably security procedures and practices appropriate to the nature and scope of the PII and PHI maintained on its systems and failed to ensure its employees entrusted with PII and PHI were trained in and maintained reasonable security procedures and practices in light of the sensitive information provided to PPEC from its clients, partners, medical providers, and third parties." *Id.*, at ¶ 33. Plaintiff asserts causes of action for (1) negligence, (2) negligent hiring and retention, (3) breach of contract, (4) breach of implied contract, (5) invasion of privacy, (6) publication of private facts, and (7) unjust enrichment arising from the alleged Data Breach. *See* ECF No. 1.

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Affidavit of Timothy D. Shea in Support of Defendant's Second Motion to Compel dated September 11, 2026 ("Second Shea Aff."). This Memorandum is supported by and incorporates by reference the Second Shea Affidavit and the exhibits attached thereto.

B. Service of Defendant's Discovery Requests and Subsequent Stay of Discovery

Defendant served its First Set of Interrogatories and Requests for Production on March 31, 2025. *See* ECF No. 32; First Shea Aff. (ECF No. 46-3) ¶¶ 4-5, Exs. A, B, E. Plaintiff's responses were initially due in May 2025.

Before responses were served, however, the Court entered an order on July 15, 2025 staying the case and all related scheduling deadlines pending mediation scheduled for August 5, 2025. *See* ECF No. 41; First Shea Aff. ¶ 6. The mediation before the Honorable Joseph A. Dickson (ret.) did not resolve the dispute, and on October 15, 2025, Defendant notified the Court that mediation was unsuccessful. *See* ECF No. 43; First Shea Aff. ¶ 7.

On October 27, 2025, the Court entered a Stipulated Amended Discovery Schedule and Order lifting the stay and establishing case deadlines, including a fact discovery cutoff of October 30, 2026. *See* ECF No. 45; First Shea Aff. ¶ 8. The Amended Discovery Schedule also identified non-exclusive categories of discovery, including Plaintiff's alleged damages, responses to the alleged breach, causation issues, exposure in unrelated incidents, facts supporting each cause of action, and facts relevant to class treatment. *See* ECF No. 45.

C. Defendant's Compliance, the First Motion to Compel, and the Court's Order

After discovery reopened, Defendant complied with its discovery obligations, serving its responses and objections to Plaintiff’s discovery requests and its first document production on February 13, 2026. Defendant repeatedly requested Plaintiff's overdue responses to Defendant’s own discovery requests, feedback on the proposed Protective Order and ESI Protocol, and deposition dates. *See* First Shea Aff. ¶¶ 9-13, 18.

When Plaintiff failed to serve any responses, Defendant filed its first Motion to Compel Plaintiff's responses, for sanctions, and for an award of expenses on April 17, 2026. *See* ECF No.

46. After Defendant filed its motion, Plaintiff served her initial responses to the Interrogatories and Requests for Production on May 1, 2026. The Court denied the first motion on June 4, 2026, finding that Plaintiff's delayed production was substantially justified by lead counsel's illness and that fact discovery would not close until October 30, 2026. The Court did not reach the adequacy of Plaintiff's responses. *See* ECF No. 53; Second Shea Aff. ¶¶ 10-12.

D. Plaintiff's Amended Responses Remain Deficient

Although Plaintiff has now served responses to Defendant's Interrogatories and Requests for Production, those responses, including the amended responses that followed, remain materially deficient. Plaintiff continues to rely on boilerplate objections, conditional promises of future production, improper burden-shifting, and generalized narrative answers instead of the specific information to which Defendant is entitled.

On June 24, 2026, the parties met and conferred regarding the deficiencies in Plaintiff's responses. Defendant's principal concern was the absence of any information regarding Plaintiff's claimed damages and the need for Plaintiff either to produce responsive documents or to confirm that none exist. *See* Second Shea Aff. ¶ 14. Plaintiff's counsel agreed that Plaintiff would serve complete amended responses by July 2, 2026, and the parties agreed to meet and confer again on July 9, 2026 if the amended responses remained incomplete. *Id.*

Plaintiff did not meet the July 2, 2026 deadline. On July 7, 2026, five days after the agreed date, Plaintiff served her Amended Responses to Defendant's First Set of Interrogatories and her Amended Responses to Defendant's First Set of Requests for Production. *See* Second Shea Aff. ¶ 15, Exs. F, G.

Despite the amendments, Plaintiff's July 7, 2026 responses remained deficient. On July 14, 2026, Defendant sent Plaintiff a detailed letter identifying the remaining deficiencies and

demanding further amended responses by the close of business on July 16, 2026. *See* Second Shea Aff. ¶ 16, Ex. H. With respect to the Requests for Production, Plaintiff's amended responses to RFP Nos. 4, 5, 8, 9, 10, 13, 14, 17, and 18 are internally inconsistent, stating that Plaintiff will produce responsive documents "if any" while also stating that, after a reasonable search, she has "not identified" any such documents, and Plaintiff improperly objects to RFP Nos. 1, 2, 6, 10, 15, 17, 18, and 22 on the ground that the requested documents are within Defendant's possession or "superior knowledge." *Id.*

With respect to the Interrogatories, Plaintiff refuses to provide her Social Security number and prior addresses (Interrogatory No. 1); declines to identify the individuals with whom she discussed the Data Breach (Interrogatory No. 2); and defers to Defendant's records rather than answering from her own knowledge (Interrogatory Nos. 1, 3, 15, and 19). *Id.* Most significantly, in response to Interrogatory Nos. 4 through 14, Plaintiff provides narrative descriptions of her claimed damages without computation, and she omits the dollar amount and factual basis for the October 20, 2022 transaction identified in response to Interrogatory No. 12 and the contact information for the provider identified in response to Interrogatory No. 15. *Id.* As of the filing of this Motion, Plaintiff has not served further amended responses curing the deficiencies identified in Defendant's July 14, 2026 letter. *See* Second Shea Aff. ¶ 18.

E. <u>Prejudice to Defendant and Need for Court Intervention</u>

As of the filing of this Motion, Plaintiff's deficient and evasive amended responses have deprived Defendant of the basic factual discovery to which it is entitled, including any computation of Plaintiff's claimed damages and the factual basis for her theories of causation and injury. Plaintiff's continued noncompliance is especially prejudicial given the impending deadlines in this

action, including Defendant's Opposition to Plaintiff's Motion for Class Certification due September 18, 2026 and the October 30, 2026 fact discovery cutoff.

Defendant has exhausted informal means to compel complete responses. Between the June 24, 2026 conference, July 14, 2026 deficiency letter, and frequent email communication, Defendant has more than satisfied its meet-and-confer obligations. Accordingly, Defendant respectfully requests that the Court compel complete and specific further-amended responses to Defendant's Interrogatories and Requests for Production, overrule Plaintiff's improper objections, and award Defendant its reasonable expenses.

## III. Legal Argument

### A. Plaintiff's Deficient and Evasive Amended Responses Warrant an Order Compelling Complete Responses Under Fed. R. Civ. P. 37(a)

The Federal Rules of Civil Procedure permit broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Federal discovery rules do not permit a party to simply ignore discovery requests. When a party fails to answer an interrogatory under Rule 33 or fails to produce documents as requested under Rule 34, the requesting party may move to compel. Fed. R. Civ. P. 37(a) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.").

Plaintiff's amended responses are evasive and incomplete and must therefore be treated as a failure to respond. Plaintiff relies on boilerplate objections, conditional and non-committal promises to produce documents “if any,” improper burden-shifting to Defendant, and narrative descriptions of her claimed damages without any computation. *See* Second Shea Aff., Exs. F-H. Courts require complete and specific responses and will compel further answers where a party's responses suffer from such deficiencies. *See Ellen Stimson v. State Farm Fire & Casualty Co.*, No.

2:23-CV-581, 2026 WL 883703, at *6–8 (D. Vt. Mar. 31, 2026) (granting motion to compel and sanctions where party failed to comply with discovery obligations despite opportunities to do so); *Pariseau v. Killington/Pico Ski Resort Partners, LLC*, No. 2:23-CV-00043, 2025 WL 1736146, at *2–3 (D. Vt. June 23, 2025).

Plaintiff's failure to participate meaningfully in discovery has created a one-sided discovery process in which Plaintiff continues to reap the benefits of Defendant's document productions while withholding the discovery essential to Defendant's defense. Defendant remains unable to obtain basic factual discovery regarding Plaintiff's alleged damages, causation theories, exposure in unrelated incidents, or class claims, all of which are expressly acknowledged in the Court's Amended Discovery Schedule. *See* ECF No. 45.

### B. A Fixed Deadline Is Necessary to Prevent Further Prejudice and Ensure Compliance

Given Plaintiff's repeated missed deadlines and continued reliance on deficient responses, an order compelling complete responses without a fixed deadline would undoubtedly invite further delay. *See Stimson, 2026* WL 883703, at *8. Defendant respectfully requests that the Court require Plaintiff to serve full and complete further-amended responses within fourteen (14) days to ensure that discovery proceeds in an orderly and fair manner.

### C. Plaintiff's Boilerplate Objections and Conditional, Evasive Responses Should Be Overruled

District courts have wide discretion in resolving discovery disputes and imposing sanctions under Fed. R. Civ. P. 37. *Id.*, at *6. Notably, Fed. R. Civ. P. 37(d) authorizes sanctions where "a party fails, after being properly served with interrogatories under Rule 33 or a request for [production] under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). These principles confirm that a party may not satisfy its discovery

obligations through boilerplate objections or evasive, incomplete responses. *See Stimson*, 2026 WL 883703, at *8 (imposing sanctions where the party provided no justification for its noncompliance and failed to show that an award of expenses would be unjust).

Plaintiff's continued reliance on boilerplate objections, conditional promises to produce documents "if any," and evasive, non-committal responses is precisely the type of conduct that warrants an order overruling those objections and compelling complete responses. District courts regularly overrule boilerplate and unsupported objections and require specific, complete answers. *See Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 165 (S.D.N.Y. 2011); *Stimson, 2026* WL 883703, at *7–8. Absent an order compelling complete responses and overruling these objections, Plaintiff's deficient responses would continue to frustrate Defendant's discovery to the substantial prejudice of Defendant and the administration of this action as a whole.

D. Plaintiff Must Provide a Computation of Damages, and Her Improper Objections Should Be Overruled

Plaintiff's most significant deficiency is her refusal to provide any computation of her claimed damages. Rule 26(a)(1)(A)(iii) requires a party to provide "a computation of each category of damages claimed," and Rule 33 requires complete answers to interrogatories based on the responding party's own knowledge and reasonable inquiry. Plaintiff's narrative assertions that her damages "will be determined by applicable law" and are "matters for the jury's determination" do not satisfy these obligations. Plaintiff's remaining objections are likewise improper. Boilerplate and unsupported objections are disfavored, and a party's failure to state proper, specific objections results in a waiver of objections that could otherwise have been asserted.

For interrogatories, this waiver is explicit: "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). While Fed. R. Civ. P. 34 does not contain an express waiver provision for document requests, courts uniformly

read one into the rule. *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 537–38 (D. Conn. 2006) (holding that failure to timely respond to interrogatories and document requests waives all objections, including those based on privilege or work product). As the Eastern District of New York has noted, "there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections." *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009). The District of Vermont has expressly endorsed this doctrine. Recently, in *Stimson v. State Farm*, it observed that while Fed. R. Civ. P. 34 "does not have a specific waiver provision courts read one in," and held that the party's untimely objections were "long waived." *Stimson*, 2026 WL 883703, at *7.

Second Circuit district courts generally impose waiver for untimely discovery responses under three circumstances: (i) where there is no showing of good cause for the delay; (ii) where a party fails to respond despite court intervention; or (iii) where a party fails entirely to respond to discovery requests. *Cohalan*, 276 F.R.D. at 165. In *Cohalan*, a party served responses over four months late and relied on an informal agreement to extend the deadline. The court rejected the excuse, emphasizing the substantial delay and the other party's repeated efforts to secure compliance, and held that all objections were waived. *Id.* at 163–164 ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available."). Similarly, in *Senat*, the court found waiver where defendants failed to respond even after receiving extensions, and precluded them from withholding discovery based on any objection other than privilege. *Senat*, 255 F.R.D. at 339. As district courts often acknowledge, "[a]ny other result would ignore the time limits set forth in the Federal Rules of Civil Procedure, contribute further to the delay in resolving cases and effectively transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested,

but non-binding, guidelines." *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02CIV.9151(KMW)(HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003).

E. An Award of Defendant's Reasonable Expenses Is Mandatory Under Fed. R. Civ. P. 37(a)(5)

If a motion compel disclosure is granted, or if the requested discovery is produced only after the motion is filed, the court must, absent limited exceptions, require the non-compliant party to pay the movant's reasonable expenses, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A).

The District of Vermont has firmly embraced the mandatory nature of attorneys' fee awards under Fed. R. Civ. P. 37(a)(5) when a motion to compel is granted. In *Pariseau v. Killington/Pico Ski Resort Partners, LLC*, the court emphasized that "monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Pariseau*, 2025 WL 1736146, at *3. The court further explained during a hearing in *Pariseau*:

> The rules are pretty clear that if a motion to compel is granted, there should be an award of attorney's fees. . . . [T]he [c]ourt shall impose attorney's fees . . . so whoever prevails on that should get their attorney's fees, and . . . the incentive is to dampen the enthusiasm for having discovery disputes.

*Id.*; *see also Wright v. Rochester Sportfishing, Inc.*, No. 6:24-CV-06240 CJS CDH, 2025 WL 1024002, at *7 (W.D.N.Y. Apr. 7, 2025) (awarding attorney's fees under Fed. R. Civ. P. 37(a)(5) after finding that defendant's violation of federal and local rules governing discovery was not substantially justified).

Consistent with Fed. R. Civ. P. 37(a)(5)(A), the burden rests on the disobedient party to show that its failure was substantially justified or that other circumstances make an award of expenses unjust. *See Jankowski v. Centurion of Vermont, LLC,* No. 2:22-CV-169-CR-KJD, 2024 WL 48855, at *1 (D. Vt. Jan. 4, 2024). Here, Plaintiff cannot plausibly contend that her continued

reliance on boilerplate objections and her refusal to provide a computation of damages, after a full meet-and-confer process and repeated opportunities to cure, is substantially justified. Nor would an award of expenses be unjust where, as here, Defendant satisfied its conferral obligations through the June 24, 2026 conference and its July 14, 2026 deficiency letter, complied with its own discovery obligations, and sought court intervention only as a last resort. Accordingly, Defendant is entitled to recover the reasonable attorneys' fees and costs incurred in bringing this motion.

## IV. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court grant the foregoing Motion to Compel Plaintiff's Complete Responses to Defendant's Interrogatories and Requests for Production, and for Award of Expenses Pursuant to Fed. R. Civ. P. 37 and enter an order:

a) Compelling Plaintiff to serve full and complete responses to Defendant's First Set of Interrogatories and First Requests for Production within fourteen (14) days of the Court's order;

b) Overruling Plaintiff's improper objections to the propounded discovery and requiring Plaintiff to provide complete and specific responses, including a computation of each category of her claimed damages;

c) Awarding Defendant its reasonable expenses, including attorneys' fees, incurred in connection with this Motion pursuant to Fed. R. Civ. P. 37(a)(5), in an amount to be determined; and

d) Granting such other and further relief as the Court deems just and proper.

Dated: September 11, 2026

Respectfully submitted,

**DOWNS RACHLIN MARTIN, PLLC**

*/s/ Matthew Borick*
Matthew Borick
State Bar No. 4064
199 Main Street
Burlington, VT 05401
Telephone: (802)-863-2375
mborick@drm.com

**WOOD SMITH HENNING & BERMAN, LLP**

*/s/ Christopher J. Seusing*
Christopher J. Seusing *(Pro hac vice)*
Timothy D. Shea *(Pro hac vice)*
Lauren M. Schulman
33 Riverside Avenue., Suite 502
Westport, CT 06880
Telephone: (475) 755-7040
Fax: (475) 755-7039
cseusing@wshblaw.com
tshea@wshblaw.com
lschulman@wshblaw.com

.

***Attorneys for Defendant***
***Primmer Piper Eggleston & Cramer PC***

## LOCAL RULE 7(a)(7) CERTIFICATION

I hereby certify that Defendant has made good faith efforts to obtain an agreement to the requested relief and that the parties have failed to reach an agreement.

*/s/ Matthew Borick*
Matthew Borick