IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SHAWNA GABORIAULT, *on behalf of herself and all others similarly situated,* *Plaintiff,* | |
| v. | Case No.: 2:24-cv-00113 |
| PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., AND JOHN DOES 1 TO 10 *Defendant.* | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO COMPEL AND FOR AN AWARD OF EXPENSES**

## Introduction

Defendant has filed a second motion to compel. It attaches Plaintiff's amended responses. It attaches a deficiency letter. It does not set out a single interrogatory or request for production next to the response it says is deficient. It lists request numbers in strings and asks the Court to work out the rest.

The motion should be denied for four independent reasons.

First, Defendant did not confer about the responses it moves to compel. The only conference it identifies occurred on June 24, 2026. The amended responses it attacks were served on July 7, 2026. Defendant then set a follow-up conference for July 17, 2026 and never held it. Fed. R. Civ. P. 37(a)(1) and L.R. 26(c)(1) require a conference. There was none.

Second, the supporting affidavit does not satisfy L.R. 26(c)(2). It omits the length of the conferences. It does not state the reasons the issues remain unresolved. It incorporates a letter instead.

Third, the waiver argument that occupies the middle of Defendant's brief was decided against defendant three months ago. On June 4, 2026, this Court found, "Plaintiff had good cause to submit untimely responses and, correspondingly, untimely objections." ECF No. 53 at 7. Defendant does not cite that finding. It does not move for reconsideration. It reargues the issue as if the order does not exist.

Fourth, the motion makes no showing as to any particular request. It is a boilerplate motion. A movant must identify the response it challenges and explain why the discovery is relevant and proportional. Defendant does neither. It asks the Court, in essence, to overrule objections it never analyzes.

The request for expenses fails with the motion.

## **Background**

Defendant served its first set of interrogatories and requests for production on March 31, 2025. ECF No. 32. The case was then stayed for mediation. ECF No. 41. The stay was lifted on October 27, 2025. ECF No. 45. Fact discovery closes October 30, 2026. *Id*.

Defendant moved to compel on April 17, 2026. ECF No. 46. Plaintiff served responses on May 1, 2026. On June 4, 2026, the Court denied the motion. ECF No. 53. The Court found the delay substantially justified, found an award of expenses would be unjust, found insufficient prejudice, and declined to deem Plaintiff's objections waived. Id. at 6–7.

The parties conferred on June 24, 2026. Second Shea Aff. ¶ 14. Plaintiff agreed to serve amended responses. She served them on July 7, 2026, albeit five days after the date discussed. *Id*. ¶ 15.

On July 14, 2026, Defendant sent a deficiency letter. Id. ¶ 16, Ex. H. The letter set

a July 16 deadline and stated twice: "If we do not receive complete responses by close of business on July 16, we will call you for a meet and confer on July 17 at 10:00 am PT." Ex. H at 2, 3. Plaintiff responded in writing on July 16, 2026, explaining Plaintiff's position, advising that Plaintiff was continuing to work on the issues raised, and offering to continue the meet-and-confer process. Delaney Decl. ¶ 5.

Plaintiff attempted to reschedule the July 17, 2026 call due to scheduled oral arguments and scattered calls but Defendant did not accept that date or propose another one. Instead, Defendant filed their motion to compel. Delaney Decl. ¶ 6; Kim Decl. ¶¶ 9-11. It filed this motion fifty-nine days after its letter, on September 11, 2026.

On August 11, 2026, Defendant's counsel wrote to Plaintiff's counsel about settlement. He asked for a response to Defendant's counter-proposal.[1] He then wrote that Defendant was preparing its class-certification opposition and "further intend[ed] to file our motion to compel if we cannot get this case resolved soon." Delaney Decl. ¶ 7, Ex. 2. Defendant filed this motion thirty-one days later.

Defendant has not deposed Plaintiff. Delaney Decl. ¶ 9. Fact discovery remains open until October 30, 2026.[2]

## Argument

### I. Defendant Did Not Confer, and Its Affidavit Does Not Comply with L.R. 26(c)(2)

[1] Defendant's settlement conduct followed the same course. After the parties narrowed their differences through one defense attorney, that attorney left the correspondence and Defendant served a wholesale revised term sheet through other counsel on July 28, 2026. Delaney Decl. ¶ 7. Offered to negate a contention of undue delay, not as to any party's position or any amount. See *infra* note 2; Fed. R. Evid. 408(b).

[2] Plaintiff has never opposed, and does not oppose, a reasonable extension of the fact discovery deadline. If Defendant believes it needs more time, Plaintiff will stipulate to it. What Plaintiff opposes is the substitution of motion practice for that request. Defendant has filed two motions to compel in five months. The first was denied. ECF No. 53. The second and current motion asks the Court to resolve disputes about which no conference was ever held. An extension costs the parties a stipulation. These motions cost the parties briefing and cost the Court its time.

Rule 37(a)(1) permits a motion to compel only if it "include[s] a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Our District says the same thing more plainly: "A party may not file a Fed. R. Civ. P. 26 or 37 motion unless the filing party has conferred with opposing counsel in a good faith effort to reduce or eliminate the controversy or arrive at a mutually satisfactory resolution." L.R. 26(c)(1).

### *A. The only conference Defendant identifies predates the responses at issue*

This motion attacks the amended responses served July 7, 2026. The only conference Defendant identifies took place on June 24, 2026. Second Shea Aff. ¶ 14. Nobody conferred about a document that did not yet exist.

Defendant's own affidavit says what the June 24 conference produced: an agreement that Plaintiff would amend, and an agreement to confer again "if the amended responses remained incomplete." *Id.* That second conference is the one Rule 37(a)(1) and L.R. 26(c)(1) require. It never happened.

### *B. Defendant scheduled the conference and then refused to hold it*

Defendant's July 14 letter twice promised a July 17 conference. Ex. H at 2, 3. Plaintiff promptly responded on July 16, 2026, that Mr. Kim was unavailable because he has three oral arguments and scattered calls, and proposed the following Wednesday afternoon at 3:00 p.m. ET. Defendant did not accept that date or propose another one. Instead, it wrote that it was "left with no choice but to file another motion to compel." He never called. Delaney Decl. ¶ 6; Kim Decl. ¶¶ 9-10.

A deficiency letter is not a conference. Announcing a conference and then skipping it, or refusing to reschedule, is not a conference either. Defendant set the meeting, refused

to reschedule when the proposed time was unworkable for Plaintiff, then waited fifty-nine days, and then told this Court that it "exhausted informal means." ECF No. 57-1 at 5. It did not exhaust them; it abandoned them and proceeded directly to motion practice.

### *C. Defendant held this motion as settlement leverage*

Rule 37(a)(1) asks whether the movant tried in good faith to obtain the discovery without court action. Defendant's own correspondence answers that question.

On August 14, 2026—a month after its deficiency letter, and a month before it filed—Defendant's counsel wrote to Plaintiff's counsel about settlement. He asked for a response to Defendant's counter-proposal. He then wrote: "We are preparing our response to the motion for class cert, and further intend to file our motion to compel if we cannot get this case resolved soon." Delaney Decl. ¶ 7, Ex. 2.

That sentence conditions the motion on settlement. It does not condition it on discovery. Had the case resolved, the motion would not have been filed, and the responses Defendant calls deficient would have stayed exactly as they are. A motion a party will trade away for money is not a motion brought to obtain discovery.

It also explains the delay. Defendant wrote on July 16 that it was "left with no choice but to file another motion to compel." It then chose not to, for fifty-nine days. It filed one week before its own class-certification opposition was due. The urgency Defendant now presses on the Court—a fourteen-day order, an impending deadline, mounting prejudice—is of its own making.

### *D. The affidavit omits what L.R. 26(c)(2) requires*

Local Rule 26(c)(2) requires a motion to include an affidavit containing six things: "(A) certification that counsel have conferred in good faith to resolve the dispute without court intervention; (B) dates of consultation with opposing counsel; (C) names of the

participants; (D) length of time of the conferences; (E) any issues still unresolved; and (F) the reasons for the unresolved issues." *Id.*

The Second Shea Affidavit gives one date and three names. It gives no duration for any conference. L.R. 26(c)(2)(D). It does not identify which issues remain unresolved or why; it attaches a letter and leaves the Court to extract them. L.R. 26(c)(2)(E), (F). The rule tells counsel to do that work before filing. Counsel did not.[3]

## II. The Court Has Already Rejected Defendant's Waiver Argument

Three pages of Defendant's ten-page brief argue that Plaintiff waived her objections by responding late. ECF No. 57-1 7–9. Defendant cites *Cohalan*,[4] *Senat*,[5] *Horace Mann*,[6] and *Eldaghar*.[7] Every one of them concerns a party that failed to serve timely responses or objections without justification. *Id.*

This Court decided that question on June 4, 2026:

> Under Federal Rule of Civil Procedure 33(b)(4), "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Here, for reasons largely stated above, the Court finds Plaintiff had good cause to submit untimely responses and, correspondingly, untimely objections. Much of the delay was the result of reasonable allowances by opposing

[3] The motion also departs from the Local Rules in several collateral respects that, taken together, suggest it was assembled for practice elsewhere rather than in this District. The motion contains no certification under Fed. R. Civ. P. 37(a)(1), although the Rule requires that certification to appear in the motion itself. ECF No. 57. Its L.R. 7(a)(7) certification says Defendant sought Plaintiff's agreement to "the requested relief," ECF No. 57-1 at 11, but Defendant's requested relief includes attorney's fees—relief Defendant never asked Plaintiff to accept. The motion begins with "PLEASE TAKE NOTICE," ECF No. 57 at 1, despite the absence of any notice-of-motion requirement in L.R. 7. The document labeled an "Affidavit" is instead an unsworn declaration under 28 U.S.C. § 1746, notwithstanding L.R. 26(c)(2)'s requirement of an affidavit. And the table of authorities garbles two of its eight case citations. Def.'s Mem. at iii ("2026 WL 88 t *8"; "238 F.R.D. 536 ash;38").

Defendant nevertheless seeks fees for filing this motion; the Court should decline that invitation.

[4] *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 164 (S.D.N.Y. 2011)

[5] *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009).

[6] *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536 (D. Conn. 2006).

[7] *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003).

> counsel, while undisputed periods of illness do not warrant imposition of a blanket, Court-ordered waiver.

ECF No. 53 at 7.

Defendant does not cite that passage. It does not mention that the Court reached the issue. It does not move for reconsideration or offer any reason the ruling should be revisited. It simply briefs the point again, at length, to a Judge who has already resolved it against it.

Nor does Defendant ask for waiver in its prayer for relief. The motion asks the Court to "overrul[e] Plaintiff's improper objections." ECF No. 57-1 at 10.

### III. The Motion Makes No Showing as to Any Interrogatory or Request

A motion to compel is request-specific. The movant bears the burden of showing that the discovery it seeks is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Defendant's brief never quotes a request. It never quotes a response. It groups nine requests together as "internally inconsistent," groups eight more as "improperly object[ing]," and groups eleven interrogatories together as lacking computation. ECF No. 57-1 3–4. It then asks the Court to overrule every objection Plaintiff made. ECF No. 57-1 10.

The requests are not interchangeable. Request No. 19 asks for documents Plaintiff received from Defendant about the breach. Request No. 22 asks Plaintiff to produce documents identifying every legal proceeding involving any of 603 putative class members, at any time. Interrogatory No. 1 asks for her Social Security number. Interrogatory No. 18 asks for a trial plan. A single sentence about "boilerplate objections" cannot dispose of all of them.

Defendant also invokes Rule 37(d). ECF No. 57-1 6. Rule 37(d)(1)(A)(ii) applies where a party "fails to serve its answers, objections, or written response." *Id.* Plaintiff served answers. She served objections. She served written responses. Defendant attached them to this motion. Rule 37(d) does not apply, and Defendant does not move under it.

### IV. The Claimed Inconsistency in the Document Responses Does Not Exist

Defendant's lead complaint is that nine responses say Plaintiff will produce responsive documents "if any" while also stating that a reasonable search identified none. Defendant says it therefore "is unable to determine whether any documents will in fact be produced." Ex. H at 2.

The answer is in the same paragraph Defendant quotes. A reasonable search identified no responsive documents. If more are located, Rule 26(e) requires Plaintiff to produce them. That is not a contradiction. That is a response plus a supplementation obligation.

Defendant's letter demanded that Plaintiff "either produce the responsive documents or affirmatively state that no responsive documents exist in her possession, custody, or control after a reasonable search." Ex. H at 2. Plaintiff had already done both. Each of the responses Defendant lists states that, after a reasonable search, no further responsive documents were identified. Several also produce documents: the Notice of Security Incident (Nos. 6, 10, 14, 19), the October 20, 2022 Cardholder Unauthorized Transaction Dispute Form (Nos. 4, 7, 11, 12), bank statements showing payments to Aura (Nos. 7, 12, 14), and the March 22, 2023 AT&T letter (No. 16).

The same is true of the "superior knowledge" objections. Defendant says Plaintiff must "produc[e], or confirm[] the absence of, responsive documents within her own possession." Ex. H at 2. Every response Defendant identifies does exactly that. Response

No. 1: "After a reasonable search, Plaintiff has not identified documents . . . in her own possession, custody, or control." Response No. 22: "Plaintiff is not withholding any responsive documents, as no such documents are in Plaintiff's possession, custody, or control."

If Defendant wants the Rule 34(b)(2)(C) statement repeated in identical words for each request, Plaintiff will provide it. She said so on July 16. Delaney Decl. ¶ 5. That is an email. It is not a motion.

### V. Plaintiff Answered the Damages Interrogatories

Defendant calls this its "most significant deficiency": that Plaintiff provided narrative answers without a computation. ECF No. 57-1 at 7. The argument has three problems.

First, Defendant relies on Rule 26(a)(1)(A)(iii). ECF No. 57-1 7. That is an initial-disclosure obligation. Defendant has not moved to compel initial disclosures. It does not say Plaintiff's initial disclosures are deficient. It does not mention them. Rule 33 requires answers to interrogatories. It does not require a damages model.

Second, Plaintiff gave the numbers she has. She identified $209.88 per year paid to Aura for identity-theft protection in 2023–2024, and said she would produce the bank statements. Ex. F at 20 (Resp. to Interrog. No. 13). She identified the October 20, 2022 unauthorized charges at North Country Federal Credit Union, said she and her husband disputed them, and said they got the money back. Ex. F at 18 (Resp. to Interrog. No. 12). Defendant now demands "the dollar amount of the charges" on a transaction Plaintiff already told it was reimbursed. Ex. H at 3.

Third, the remaining categories are not arithmetic. Loss of privacy, loss of control over private information, deprivation of the value of that information, emotional

distress—Plaintiff said these turn on expert testimony and on the jury. Ex. F at 5–22. Defendant calls that evasive. It is the answer. Defendant is entitled to disagree with it. It is not entitled to an order compelling Plaintiff to invent a number she does not have.

Plaintiff has also committed to supplement as expert discovery proceeds. Fed. R. Civ. P. 26(e). Expert discovery has not begun. And Defendant can ask Plaintiff about every one of these categories, under oath, at the deposition it has not yet taken. Delaney Decl. ¶ 9.

## VI. The Remaining Interrogatory Demands Are Not Proportional

Defendant demands Plaintiff's Social Security number. Interrog. No. 1. This is a data breach case. The breach notice Defendant sent to the New Hampshire Attorney General stated that the compromised data may have included Social Security numbers. ECF No. 1 ¶ 1. Defendant obtained Plaintiff's information in the underlying litigation and lost it. ECF No. 30 at 2–3. Defendant does not explain what it would do with the number that it cannot do without it. A protective order does not answer the question; it answers a different one.

Defendant demands the identities of people Plaintiff spoke to about the breach. Interrogatory No. 2 does not ask that. It asks whom Plaintiff "interviewed in connection with this case" and what statements she obtained. Plaintiff answered: she communicated with her attorneys, she may have discussed the breach with family members, and she obtained no statements from non-attorney third parties. Ex. F at 3–4. Defendant's letter rewrites the interrogatory into a broader one. Ex. H at 2. Defendant may serve that interrogatory. It has not.

Defendant demands the address and telephone number of Aura. Interrog. No. 15; Ex. H at 3. Aura is a company. Defendant can find it.

Defendant demands that Plaintiff identify putative class members. Interrog. No. 19. Defendant holds the notification list. Defendant told Plaintiff the class numbers 603. Ex. F at 26. Request No. 22 goes further and asks Plaintiff to produce documents identifying every legal proceeding any of those 603 people has ever been party to. Plaintiff does not know who they are. Defendant does. This is not a deficiency in Plaintiff's response. It is a request that cannot be answered by the party it was served on.

## VII. Expenses Are Not Available to Defendant Under these Facts

Rule 37(a)(5)(A) applies if a motion is granted or if the discovery is produced after the motion is filed. Neither has happened. In any event, the Rule bars an award where "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," where the response was "substantially justified," or where "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

All three exceptions apply. Defendant arbitrarily scheduled a conference and skipped it, which is the first exception on its face. A party that offered to forgo this motion in exchange for a settlement payment did not file it as a last resort. Plaintiff's positions are, at worst, a genuine dispute about scope and detail—which is the standard this Court applied in June. ECF No. 53 at 5 (conduct is substantially justified where "there was a 'genuine dispute' or if 'reasonable people could differ'") (quoting *Jundan Wu v. Seol Garden, Inc.*, No. 16 CV 3613, 2018 WL 507315, at *8 (E.D.N.Y. Jan. 22, 2018)); see *Bowne of N.Y. City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995). And an award would be unjust for the same reasons it was unjust in June: the delay Defendant complains of is measured in days, fact discovery is open, and Defendant has taken no deposition. ECF No. 53 at 6–7.

Rule 37(a)(5)(B) would permit Plaintiff to seek her own expenses if the Defendant's motion is denied. Plaintiff does not seek them. She asks only that the motion be denied so the parties can return to preparing the case.

## **Conclusion**

Defendant did not confer. Its affidavit does not comply with L.R. 26(c)(2). Its waiver argument was decided against it on June 4, 2026. Its remaining arguments are addressed to requests it never analyzes, and to answers that already say what its letter demanded.

The motion should be denied in its entirety.

Dated: September 25, 2026

Respectfully submitted,

MARTIN DELANEY & RICCI LAW GROUP

*/s/ Andrew Delaney*
Andrew Delaney
100 North Main Street
Barre, Vermont 05641
Telephone: (802) 479-0568
andrew@mrdvt.com

KIM LAW FIRM LLC

*/s/ Yongmoon Kim*
Yongmoon Kim, Esq. (*pro hac vice*)
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Telephone: (201) 273-7117
ykim@kimlf.com

*Attorneys for Plaintiff Shawna Gaboriault*

## CERTIFICATE OF SERVICE

I certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Andrew B. Delaney
Andrew B. Delaney