IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SHAWNA GABORIAULT, *on behalf of herself and all others similarly situated,* *Plaintiff,* v. PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., AND JOHN DOES 1 TO 10 *Defendant.* | Case No.: 2:24-cv-00113 |

**DECLARATION OF ANDREW B. DELANEY**

I, Andrew B. Delaney, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney licensed to practice law in the states of Vermont, New York, New Hampshire, and the District of Columbia. I am a partner with Martin Delaney & Ricci Law Group and counsel of record for Plaintiff Shawna Gaboriault in this action. I make this declaration from personal knowledge in opposition to Defendant's Second Motion to Compel.
2. I did not participate in the June 24, 2026 conference between Attorney Yongmoon Kim, Attorney Timothy D. Shea, and Attorney Matthew Borick. My understanding of that conference is set out in the accompanying Declaration of Yongmoon Kim.
3. On July 7, 2026, Plaintiff served her Amended Responses to Defendant's First Set of Interrogatories and her Amended Responses to Defendant's First Set of Requests for Production. Those responses are attached to Defendant's motion as Exhibits F and G.
4. On July 14, 2026, Defendant sent a deficiency letter addressed to Attorney Kim

and to me. That letter is attached to Defendant's motion as Exhibit H. It stated, twice, that if complete responses were not received by the close of business on July 16, defense counsel would "call you for a meet and confer on July 17 at 10:00 am PT."

5. On July 16, 2026, I responded to that letter by email. I addressed each category of alleged deficiency. I stated that Plaintiff had conducted a reasonable search, that where no responsive documents exist Plaintiff was "prepared to clarify that point," that Plaintiff was continuing to supplement, and that we remained available to continue the meet-and-confer process. A true and correct copy of that email is attached to this declaration and incorporated by reference.

6. Defense counsel did not call on July 17, 2026. No conference was held on July 17, 2026.[1] Between July 16, 2026 and the filing of this motion on September 11, 2026, defense counsel did not request a conference concerning the July 7, 2026 amended responses, and no such conference occurred.

I. Up until July 28, 2026, Attorney Sean V. Patel was the defense attorney communicating with Attorney Kim and myself regarding resolution.

II. After each productive discussion, Attorney Kim emailed revised term sheets on May 25th, with follow-ups in between, and on July 7th. These revisions were a product of compromises and gentlemen's agreements on certain terms.

III. On July 28, 2026, however, Defendant served a revised term sheet through other counsel, with Attorney Patel omitted from the email chain. On

[1] On July 16, when Attorney Kim's staff suggested a meet-and-confer the following Wednesday when Attorney Kim would be available, Defense Counsel replied: "I am traveling next week and will not be available Wednesday." Defense counsel concluded: "We are left with no choice but to file another motion to compel." I then responded to the letter in detail by email. *See* ¶ 5, above.

August 11, 2026, Attorney Timothy D. Shea sent an email to me and to Attorney Kim regarding settlement. In that email he asked for a response to Defendant's July 28 so-called counter-proposal and wrote: "We are preparing our response to the motion for class cert, and further intend to file our motion to compel if we cannot get this case resolved soon." A true and correct copy of that email is also attached to this declaration and incorporated by reference.[2]

7. Plaintiff has produced documents in this action, including the August 4, 2022 Notice of Security Incident (GABORIAULT_PPEC_00001-00007), the October 20, 2022 Cardholder Unauthorized Transaction Dispute Form (GABORIAULT_PPEC_00008-00010), bank statements reflecting payments to Aura (GABORIAULT_PPEC_00030-00042), and the March 22, 2023 AT&T letter (GABORIAULT_PPEC_00016). Those documents were produced on May 1, 2026.
8. Defendant has not noticed or taken the deposition of Plaintiff Shawna Gaboriault.
9. Plaintiff remains willing to confirm in writing, request by request, that no responsive documents were located after a reasonable search, and to supplement her responses as required by Fed. R. Civ. P. 26(e). Plaintiff communicated that willingness to Defendant on July 16, 2026, before this motion was filed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2026, at Barre, Vermont.

*/s/ Andrew Delaney*
Andrew Delaney

[2] Offered to negate a contention of undue delay, not as to any party's position or any amount. *See* Fed. R. Evid. 408(b).

KimLawFirm

Jessica Yu <jyu@kimlf.com>

## Re: [EXTERNAL] Re: Gaboriault v. Primmer, Piper, Eggleston & Cramer, P.C., et al., 2:24-cv-00113-wks -Confidential/subject to Fed. R. Evid. 408 and any other applicable state or federal settlement and compromise rules

**Andrew Delaney** <andrew@mdrvt.com> Thu, Jul 16, 2026 at 7:51 PM
To: "Timothy D. Shea" <TShea@wshblaw.com>, Jessica Yu <jyu@kimlf.com>, "Lauren M. Schulman" <LSchulman@wshblaw.com>
Cc: Yongmoon Kim <ykim@kimlf.com>, Dist <dist@kimlf.com>, Rebecca Layko <rlayko@kimlf.com>, "Christopher J. Seusing" <CSeusing@wshblaw.com>, "Sean V. Patel" <SPatel@wshblaw.com>, Matt Borick <mborick@drm.com>, "Brittany J. Noren" <BNoren@wshblaw.com>, "Corinne F. Thompson" <CThompson@wshblaw.com>, "JoAnn B. Sajda" <JSajda@wshblaw.com>

Tim:

This responds to your July 14, 2026 letter and your July 16, 2026 email—sent approximately an hour ago—regarding Plaintiff's amended discovery responses and the discovery schedule.

First, as to your characterization of "ongoing deficiencies" in the amended responses: Plaintiff has served amended responses, asserted objections, and committed to produce non-privileged, responsive documents after a reasonable search of her own records. The fact that Plaintiff has stated she will produce responsive documents "if any" while also explaining that, after a reasonable search, she has not identified responsive materials is not an evasion; it reflects the reality that a reasonable search has been conducted and, at present, Plaintiff is not aware of documents in her possession, custody, or control responsive to those requests. Where Plaintiff determines that no responsive documents exist after a reasonable search, we are prepared to clarify that point, but we do not agree that this amounts to a discovery violation or warrants your demand for yet another round of "amended" responses in the rigid format you've proposed.

Second, your insistence that Plaintiff must reproduce documents already in Primmer's files or within Primmer's "superior knowledge," such as the Notice of Security Incident or case-related records, misstates the parties' obligations. Plaintiff is required to respond based on her own possession, custody, or control, after reasonable inquiry; she is not required to serve as a duplicative document repository for materials you already maintain and cite as your own sources of truth. To the extent you want confirmation that Plaintiff does not have additional, different, or supplemental materials beyond what you already possess, we can address that in the ordinary course. But the Rules do not require Plaintiff to undertake needless duplication simply because Defendant prefers that.

Third, with respect to the interrogatories, Plaintiff has provided information within her knowledge and is continuing to supplement where additional detail can be reasonably obtained. Your demand for Plaintiff's Social Security number and full prior address history, notwithstanding the protective order, raises legitimate privacy concerns, particularly in a data-breach case. Those concerns have

been asserted in good faith and will not be brushed aside merely because you characterize them as "generalized." Likewise, Plaintiff has identified categories of damages, the nature of her losses, and specific incidents (including the unauthorized-transaction incident you reference). She will supplement computations as further information becomes available, consistent with Rule 26 and Rule 33, which require a computation based on information presently known after reasonable inquiry—not immediate, exhaustive accounting on your preferred timetable or in your preferred format.

Your July 14 letter effectively demands that, by an arbitrary, defense-selected deadline, Plaintiff (a) withdraw objections you label "boilerplate," (b) provide a line-item computation for every category of damages, and (c) adopt detailed, categorical descriptions of searches and document types that go well beyond what the Rules require. We do not agree that failure to accede to those demands constitutes "significant deficiencies." It reflects a disagreement about scope, proportionality, and level of detail—not a refusal to participate in discovery.

Finally, your email below that suggests Plaintiff has "not made any effort" to respond to the positions in your letter, and your statement that you are "left with no choice but to file another motion to compel," ignore the record: amended responses have been served; a verification has been provided; Plaintiff has advised that further amendments are being prepared; and we promptly communicated scheduling constraints along with a specific meet-and-confer proposal. We remain willing to confer and to continue supplementing where appropriate. What we are not willing to do is withdraw proper objections or engage in unnecessary, duplicative work simply to address what are, in substance, cavils about how Plaintiff has elected to exercise rights expressly afforded to her.

We are available to continue the meet-and-confer process in good faith and will work with you to narrow or resolve genuine disputes. But we do not accept your premise that Plaintiff is causing "further discovery delay" or that the current state of the responses justifies the rhetoric in your letter or email.

We have also been engaged in efforts to move this case forward without unnecessary motion practice, including exchanges of proposals and discussions about settlement. Those efforts are unnecessarily complicated by ongoing claims of deficiencies and threats of renewed motions to compel, which tend to shift focus toward collateral discovery disputes. Keep in mind that both sides' discovery can be closely examined, and it would be more productive for everyone to avoid a "glass houses" dynamic rather than escalating about alleged deficiencies.

[Quoted text hidden]

**Andrew Delaney**

**From:** Timothy D. Shea <TShea@wshblaw.com>
**Sent:** Tuesday, August 11, 2026 6:41 PM
**To:** Lauren M. Schulman; Andrew Delaney; Yongmoon Kim; Jessica Yu; Dist; Rebecca Layko
**Cc:** Christopher J. Seusing; Matt Borick; Brittany J. Noren; Corinne F. Thompson; JoAnn B. Sajda
**Subject:** RE: [EXTERNAL] Re: Gaboriault v. Primmer, Piper, Eggleston & Cramer, P.C., et al., 2:24-cv-00113-wks -Confidential/subject to Fed. R. Evid. 408 and any other applicable state or federal settlement and compromise rules

Good afternoon.

I am following up here re the counter settlement proposal. Please get back to me as soon as possible.

We are preparing our response to the motion for class cert, and further intend to file our motion to compel if we cannot get this case resolved soon.

Please advise.

**Timothy D. Shea**
Partner
**WOOD SMITH HENNING & BERMAN LLP**

A 801 Kirkland Avenue, Suite 100, Kirkland, WA 98033
D 206.204.6801 M 206.300.1773
E tshea@wshblaw.com W www.wshblaw.com

Personal Bio · LinkedIn · Facebook · X

**From:** Lauren M. Schulman <LSchulman@wshblaw.com>
**Sent:** Tuesday, July 28, 2026 10:35 AM
**To:** Andrew Delaney <andrew@mdrvt.com>; Yongmoon Kim <ykim@kimlf.com>; Jessica Yu <jyu@kimlf.com>; Dist <dist@kimlf.com>; Rebecca Layko <rlayko@kimlf.com>
**Cc:** Timothy D. Shea <TShea@wshblaw.com>; Christopher J. Seusing <CSeusing@wshblaw.com>; Matt Borick <mborick@drm.com>; Brittany J. Noren <BNoren@wshblaw.com>; Corinne F. Thompson <CThompson@wshblaw.com>; JoAnn B. Sajda <JSajda@wshblaw.com>
**Subject:** RE: [EXTERNAL] Re: Gaboriault v. Primmer, Piper, Eggleston & Cramer, P.C., et al., 2:24-cv-00113-wks - Confidential/subject to Fed. R. Evid. 408 and any other applicable state or federal settlement and compromise rules

Counsel,

Attached please find Defendant's revised settlement term sheet. Please advise of your client's position at your earliest convenience.

Thank you,
Lauren