**UNITED STATES DISTRICT COURT**

**DISTRICT OF VERMONT**

| | |
|---|---|
| SHAWNA GABORIAULT, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., AND JOHN DOES 1 TO 10,<br><br>Defendant. | Civil Action No. 2:24-cv-00113 |

Dated: October 2, 2026

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND DISCOVERY SCHEDULE AND EXTEND DISCOVERY DEADLINES BY 60 DAYS**

**TABLE OF CONTENTS**


I. INTRODUCTION ........................................ 1

II. BACKGROUND ........................................ 1

III. ARGUMENT ........................................ 2

A. Good Cause Under Rule 16(b)(4) Depends on Diligence, Not the Absence of Prejudice 2

B. Plaintiff Has Not Shown Diligence ........................................ 3

C. Counsel's Trial Schedule Does Not Establish Good Cause ........................................ 3

D. Local Rule 26(a)(7) Does Not Support the Requested Extension ........................................ 4

E. The Requested Relief Bears No Relationship to the Conflict Plaintiff Identifies ........................................ 4

IV. CONCLUSION ........................................ 5

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Kassner v. 2nd Ave. Delicatessen Inc.*,
496 F.3d 229 (2d Cir. 2007) ........................................ 2

*Parker v. Columbia Pictures Indus.*,
204 F.3d 326 (2d Cir. 2000) ........................................ 1, 2, 4, 5

*Russell v. Pallito,*
No. 5:15-CV-126, 2020 WL 2770988 (D. Vt. Feb. 27, 2020) .................... 1, 2, 3

*Shemendera v. First Niagara Bank N.A.*,
288 F.R.D. 251 (W.D.N.Y. 2012) ........................................ 2, 3, 4

**Rules**

Fed. R. Civ. P. 16(b)(4) ........................................ 2, 5

**Other Authorities**

L.R. 26 ........................................ 4

## I. INTRODUCTION

Plaintiff asks the Court to extend every remaining deadline in this case by 60 days, which would move trial from February 2027 to April 2027. This request is based on a single circumstance – one of Plaintiff's attorneys is scheduled to begin trial in an unrelated New Jersey matter on November 30, 2026. *See* Plaintiff's Motion to Amend Discovery Schedule and Extend Discovery by 60 Days (ECF 61) (the "Motion") at 2. Although Plaintiff cites Rule 16(b)(4), the Motion never addresses what that rule requires. A scheduling order may be modified "only for good cause," and good cause "depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiff bears that burden. *See Russell v. Pallito*, No. 5:15-CV-126, 2020 WL 2770988, at *2 (D. Vt. Feb. 27, 2020).

## II. BACKGROUND

This putative data breach class action has been pending since February 2, 2024, and the parties' operative schedule was entered nearly a year ago on October 27, 2025. (ECF 45). Under the Stipulated Amended Discovery Schedule, Plaintiff's expert disclosures are due on October 2, 2026, fact discovery and non-expert depositions close on October 30, 2026, expert discovery closes on December 31, 2026, and the case is scheduled to be trial ready in February 2027. *Id.*, at 4, 5.

Plaintiff's counsel contends that a scheduling conflict arising from the Jeon matter warrants extending each of those deadlines by 60 days. The motion, however, acknowledges that the Jeon trial was scheduled on September 21, 2026. Mot. at 2. Plaintiff's counsel did not promptly seek relief. Instead, they waited until October 1, 2026, one day before their expert disclosure deadline, to ask the Court to move every remaining deadline in the case.

Plaintiff's counsel identifies no steps taken between September 21 and October 1 to address the newly identified conflict, nor do they explain why a targeted modification would be insufficient. What Plaintiff's counsel seeks instead is a wholesale extension of every remaining deadline through trial readiness.

This sequence of events does not reflect diligence. It reflects a decision to wait until the day before a major deadline before seeking sweeping relief from a schedule that has been in place for months.

## III. ARGUMENT

### A. Good Cause Under Rule 16(b)(4) Depends on Diligence, Not the Absence of Prejudice

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under binding Second Circuit law, "a finding of 'good cause' depends on the diligence of the moving party," and good cause exists only where a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Parker*, 204 F.3d 326, at 340. Diligence is "the primary consideration." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Russell*, 2020 WL 2770988, at *3. "The party requesting modification bears the burden of demonstrating good cause," and must show that "despite his efforts, the applicable deadline could not have been reasonably met." *Russell*, 2020 WL 2770988, at *2.

The absence of prejudice to PPEC does not change the analysis. A court "also may consider other relevant factors" such as prejudice, but the absence of prejudice "does not satisfy the good cause requirement." *Kassner*, 496 F.3d 229, 244; *Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 252-53 (W.D.N.Y. 2012); *see also Russell*, 2020 WL 2770988, at *3. Diligence comes first.

Further, and in any case, Defendant is prejudiced with a further continuance. Defendant has timely met its obligations and is preparing its case for trial. Another continuance of a case that has been pending since February 2024 deprives Defendant's its timely day in court.

**B. Plaintiff Has Not Shown Diligence**

Plaintiff's motion only offers a conclusory assertion that she "has diligently pursued discovery." Mot. at 2. That statement is unsupported by any facts. The motion does not explain what efforts were made to satisfy the October 2 expert disclosure deadline or the October 30 fact discovery deadline, nor does it identify a single task that could not be completed despite those alleged efforts. Plaintiff does not point to an expert who could not prepare a report, a deposition that could not be scheduled, or a document production that could not be completed. This omission is significant because the movant must do more than invoke diligence in the abstract. Plaintiff must show that "despite [their] efforts, the applicable deadline could not have been reasonably met." *Russell*, 2020 WL 2770988, at *2. Plaintiff cannot satisfy this burden.

**C. Counsel's Trial Schedule Does Not Establish Good Cause**

Even accepting Plaintiff's description of the conflict, attorney Kim's November 30 trial does not establish good cause to move every remaining deadline in this case. Courts in this Circuit have rejected requests based on competing professional obligations and recognized that "the press of other business does not amount to good cause." *Shemendera,* 288 F.R.D. 251, at 253. As the court explained in *Shemendera*, an experienced litigator can manage such commitments "with a modest degree of foresight." *Id.*

The circumstances here make Plaintiff's showing even weaker. Plaintiff is represented by attorneys from two firms, including Yongmoon Kim of Kim Law Firm and local co-counsel Andrew Delaney of Martin Delaney & Ricci. Mot. at 4. The motion does not explain why counsel could not divide responsibilities, adjust scheduling, or otherwise complete the remaining work

under the existing case schedule. Nor does it explain why one attorney's conflicting trial setting rendered compliance impossible "despite ... diligence." *Parker*, 204 F.3d 326, at 340.

The conflict was also foreseeable. Earlier this year, the Court noted that counsel's trial schedule "interfered with production in March 2026." (ECF 53). A recurring scheduling issue arising from counsel's existing practice is not the type of unforeseen circumstance that justifies moving every remaining deadline in a case that has been pending for more than two years. On this record, Plaintiff has shown only that counsel faces competing obligations. Plaintiff's counsel has not shown good cause.

**D. Local Rule 26(a)(7) Does Not Support the Requested Extension**

Plaintiff invokes Local Rule 26(a)(7), but the rule does not support the relief sought. The rule permits an extension only "[i]f additional discovery time is required due to case complexity or other extraordinary circumstances." L.R. 26(a)(7). Plaintiff identifies neither.

There is no suggestion that this case has become too complex to complete under the existing schedule. Fact discovery is nearing completion, expert disclosures are due, and Plaintiff has already filed its motion for class certification. The sole basis for Plaintiff's request is counsel's scheduling conflict in an unrelated case. That is not an extraordinary circumstance. It is simply "the press of other business." *Shemendera,* 288 F.R.D. 251, at 253. Since the only circumstance identified in the motion falls outside the scope of Local Rule 26(a)(7), the rule provides no basis for extending the schedule.

**E. The Requested Relief Bears No Relationship to the Conflict Plaintiff Identifies**

Even assuming some accommodation was warranted, Plaintiff has not explained why the Court should extend every remaining deadline by 60 days. By Plaintiff's own account, a 30-day extension would move the fact discovery and deposition deadline to November 29, 2026, creating

only a one-day overlap with the November 30 trial. Mot. at 2. Yet Plaintiff seeks twice that amount of time and asks the Court to move every remaining deadline in the case.

The scope of the requested relief cannot be reconciled with the conflict identified in the motion. Plaintiff asks the Court to postpone her expert disclosure deadline, extend expert discovery, and move the trial ready date to April 2027. Mot. at 2-3. The motion does not explain why those deadlines cannot be met or how they are affected by attorney Kim's November trial.

Rule 16(b)(4) requires a showing of good cause for the modification requested. (Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000)). Plaintiff identifies a single scheduling conflict affecting a single attorney. What Plaintiff requests, however, is a wholesale revision of a case schedule that has governed this action for nearly a year. The two are not remotely proportional. On this record, Plaintiff has not shown good cause for delaying trial readiness in a case that has been pending since February 2024.

## IV. CONCLUSION

For the foregoing reasons, PPEC respectfully requests that the Court deny Plaintiff's Motion to Amend the Discovery Schedule and Extend Deadlines by 60 Days and grant such further relief as the Court deems just.

Dated this 2nd day of October, 2026.

Respectfully submitted,

**DOWNS RACHLIN MARTIN, PLLC**

*/s/ Matthew Borick*
Matthew Borick
State Bar No. 4064
199 Main Street
Burlington, VT 05401
Telephone: (802)-863-2375
mborick@drm.com

**WOOD SMITH HENNING & BERMAN, LLP**

*/s/ Christopher J. Seusing*
Christopher J. Seusing *(Pro hac vice)*
.
Timothy D. Shea *(Pro ha vice)*
33 Riverside Avenue., Suite 502
Westport, CT 06880
Telephone: (475) 755-7040
cseusing@wshblaw.com
tshea@wshblaw.com

***Attorneys for Defendant***
***Primmer Piper Eggleston & Cramer PC***

**CERTIFICATE OF SERVICE**

I certify that on the date stated above I caused the foregoing to be filed with the Clerk of Court through the CM/ECF system, which will serve notice of the filing on all counsel of record.