**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| SHAWNA GABORIAULT, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No. 2:24-cv-00113-wks<br><br>**SUPPLEMENTAL DECLARATION OF YONGMOON KIM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

I, YONGMOON KIM, of full age, hereby declare as follows:

1. I am an attorney at law, admitted pro hac vice, representing Plaintiff and proposed class representative Shawna Gaboriault in this matter, along with co-counsel. As such, I have personal knowledge of the facts stated herein.

2. I submit this declaration in further support of Plaintiff's Motion for Class Certification (ECF 55) and in reply to Defendant Primmer, Piper, Eggleston & Cramer, P.C.'s ("PPEC") opposition (ECF 58) and the accompanying Declaration of Sonya Kwon (ECF 58-4).

3. On July 26, 2024, PPEC served its Initial Disclosures, which identify as persons likely to have discoverable information "Third-party forensic vendor(s) (to be identified under separate cover)." ECF 55-2 at 3. PPEC has not served a supplemental disclosure or other writing identifying those vendor(s) under separate cover. In its response to Plaintiff's Interrogatory No. 2, PPEC identified Rachel A. Williams and Samara Kaufman of Charles River Associates as persons with knowledge.

4. On February 13, 2026, PPEC served its responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production. Interrogatory No. 17 asked PPEC to

"[i]dentify and describe any investigations and analyses conducted by You or on Your behalf regarding the Data Breach and its causes, including any investigative reports and the conclusions reached therein." After stating objections, PPEC answered: "Defendant states that this response concerns confidential and/or sensitive information that Defendant will not disclose absent the protections of a court-approved protective order. Defendant will supplement this response with the withheld information upon entry of an appropriate protective order." A true and correct copy of the relevant excerpt of PPEC's interrogatory responses, is attached as **Exhibit 11**.

5. Also on February 13, 2026, PPEC served its first document production, Bates-numbered PRIM000001 through PRIM000070. It includes the following notices concerning the November 2021 incident, true and correct copies of which are attached:

5.1. PPEC's November 23, 2022 notice to the Rhode Island Attorney General, PRIM000041–46, as **Exhibit 12**;

5.2. PPEC's notice to the North Carolina Department of Justice, PRIM000062–66, as **Exhibit 13**;

5.3. PPEC's November 23, 2022 supplemental notice to the Vermont Attorney General, PRIM000047–52, as **Exhibit 14**; and

5.4. PPEC's November 23, 2022 submission to the Commonwealth of Massachusetts, PRIM000010–18, as **Exhibit 15**.

6. On May 11, 2026, the Court entered the Stipulated Protective Order. ECF 50. PPEC has not served a supplemental or amended answer to Interrogatory No. 17.

7. On June 5, 2026, PPEC served its second production by letter from Timothy D. Shea, which describes the production as "70 documents (359 pages), including three native Excel files, bearing Bates numbers PRIM000071-PRIM000429." That production includes:

7.1. PPEC's July 27, 2022 breach-report submission to the Connecticut Attorney General, PRIM000381–85, a true and correct copy of which is attached as **Exhibit 16**; and

7.2. a PPEC internal security-awareness training presentation titled "Phishing 101," PRIM000266–80, a true and correct copy of which is attached as **Exhibit 17**.

8. I have reviewed the documents PPEC has produced in this action, PRIM000001 through PRIM000429. They do not include any forensic, incident-response, or breach-investigation report; any network, server, or exfiltration logs; or any document identifying which files made up the approximately 76 GB of data identified for copying or the approximately 46 GB of data copied. PPEC has also not produced the files that Ms. Kwon identifies as data she considered: "Primmer- Separated Notification List- PO redacted 10_28_22," "Primmer- Wave 1 Enrolled Members Report 7.22.22," "Primmer- Client Mail Enrolled Members Report 9.20.22," "Primmer- Wave 2 Enrolled Members Report 10.3.22," and "Primmer- Wave 3 Enrolled Members Report 11.15.22." See Kwon Decl. ¶¶ 10–12 & Ex. 2. Plaintiff first learned of these files from the Kwon Declaration filed on September 18, 2026.

9. On September 22, 2026 my office sent PPEC's counsel by email a letter signed by me. It again requested "the forensic investigation report and all breach investigation materials (RFP No. 21)," requested "the immediate production of a privilege log for all withheld materials," and asked PPEC to respond within seven days. A true and correct copy is attached as **Exhibit 18**. As of the date of this declaration, PPEC has not produced any forensic, incident-response, or investigation report; has not served a privilege log; and has not yet produced any documents in response to my September 22, 2026 letters regarding Request No. 21.

10. On September 25, 2026, Plaintiff served notices of deposition on PPEC's counsel

by email, including a notice of deposition of PPEC under Fed. R. Civ. P. 30(b)(6) noticed for [October 29, 2026].[1] The noticed topics include "[t]he categories, volume, and location of data accessed, copied, exfiltrated, staged, compressed, viewed, or otherwise placed at risk" (Topic 4); "[t]he approximately 76 GB of data identified for copying and the approximately 46 GB of data copied, including how those figures were determined" (Topic 5); and "[t]he investigation conducted by or on behalf of PPEC regarding the incident, including the identity of all investigators, the scope of each investigation, the methodology used, findings, conclusions, reports, and recommendations" (Topic 8). A true and correct copy of the Rule 30(b)(6) notice is attached as **Exhibit 19**.

*In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Dated: October 8, 2026

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim, Esq.

[1] Pursuant to the parties' October 2, 2026 meet and confer, PPEC advised it would provide alternative dates for depositions.