**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| SHAWNA GABORIAULT, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., AND JOHN DOES 1 TO 10<br><br>Defendant. | Civil Action No. 2:24-cv-00113 |

**DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO COMPEL**

Dated: October 9, 2026

**DOWNS RACHLIN MARTIN, PLLC**

/s/ Matthew Borick
Matthew Borick
State Bar No. 4064
199 Main Street
Burlington, VT 05401
Telephone: (802)-863-2375
mborick@drm.com

**WOOD SMITH HENNING & BERMAN, LLP**

/s/ Christopher J. Seusing
Christopher J. Seusing *(Pro hac vice)*
Timothy D. Shea *(Pro hac vice)*
33 Riverside Avenue., Suite 502
Westport, CT 06880
Telephone: (475) 755-7040
cseusing@wshblaw.com
tshea@wshblaw.com

***Attorneys for Defendant***
***Primmer Piper Eggleston & Cramer PC***

.

# TABLE OF CONTENTS

***Page***

I. INTRODUCTION .......... 1

II. DEFENDANT SATISFIED ITS MEET-AND-CONFER OBLIGATIONS BEFORE SEEKING JUDICIAL INTERVENTION .......... 1

III. PLAINTIFF MUST PROVIDE COMPLETE DISCOVERY RESPONSES .......... 4

IV. PPEC IS ENTITLED TO ITS REASONABLE EXPENSES .......... 6

V. CONCLUSION .......... 7

# TABLE OF AUTHORITIES

***Cases*** **Page(s)**

*Apex Oil Co. v. Belcher Co. of New York,*
855 F.2d 1009 (2d Cir. 1988) ........................................ 1, 3

*Design Strategy, Inc. v. Davis*,
469 F.3d 284 (2d Cir. 2006) ........................................ 4

*Xinuos, Inc. v. IBM Corp.*,
No. 22-CV-09777-CS-VR, 2025 WL 663064 (S.D.N.Y. Feb. 28, 2025) ........................................ 5

***Rules***

Fed. R. Civ. P. 26(a)(1)(c) ........................................ 4

Fed. R. Civ. P. 37 ........................................ 3, 6, 7

## I. INTRODUCTION

Defendant Primmer Piper Eggleston & Cramer PC ("Defendant" or "PPEC"), by its counsel, respectfully submits this memorandum in response to Plaintiff Shawna Gaboriault's ("Plaintiff") Opposition (ECF No. 60) to Defendant's Second Motion to Compel (ECF No. 57) (the "Motion").[1] PPEC is entitled to the requested relief for three straightforward reasons. First, PPEC satisfied its meet-and-confer obligations long before filing this Motion. Over the course of several months, it repeatedly identified the same deficiencies, conferred with Plaintiff, and attempted to secure complete responses without court intervention. Those efforts failed, leaving PPEC no choice but to file this Motion. Second, the applicable rules specifically state that Plaintiff must provide the damages information within her knowledge and serve discovery responses that comply with Rules 26, 33, and 34. Third, Plaintiff's refusal to disclose her Social Security number is unjustified. Gaboriault is the named Plaintiff, and she has placed the alleged exposure and misuse of her personal information at issue. Subject to the Protective Order already in place, she must provide this information. Plaintiff's Opposition avoids the merits of these issues. Accordingly, Defendant's Motion should be granted.

## II. DEFENDANT SATISFIED ITS MEET-AND-CONFER OBLIGATIONS BEFORE SEEKING JUDICIAL INTERVENTION

PPEC has undoubtedly satisfied its obligations under Rule 37(a)(1) and Local Rule 26(c)(1). The rules require a good faith effort to resolve discovery disputes before seeking the Court's assistance – they do not require parties to restart the meet-and-confer process each time a deficient response is served. This requirement is intended to encourage meaningful efforts to resolve disputes without court intervention, which is exactly what PPEC did here. *See Apex Oil*

---

[1] Defendant denies all the arguments and contests the accuracy of the allegations contained in Plaintiffs' Opposition, even if not specifically addressed herein. Defendant's reply focuses on the material issues underlying this discovery dispute.

*Co. v. Belcher Co. of New York*, 855 F.2d 1009, 1019-20 (2d Cir. 1988) (finding a lack of good faith participation in the discovery process where a party repeatedly refused requested discovery until after motions were filed).

The issues raised in Defendant's Motion are not new. PPEC raised the same deficiencies throughout discovery. On May 20, 2026, PPEC sent a detailed deficiency letter identifying Plaintiff's boilerplate objections, her conditional "if any" production language, and the absence of any information regarding her claimed damages. The parties then met and conferred on June 24, 2026. During that conference, PPEC focused on the missing damages information and the need for Plaintiff either to produce responsive documents or confirm that none existed. Plaintiff agreed to serve complete amended responses by July 2 and, if issues remained, to confer further. Second Shea Aff. ¶ 14. Plaintiff's amended responses arrived five days late and did not cure the deficiencies. PPEC therefore sent a second detailed deficiency letter on July 14, 2026. *Id*. ¶¶ 15-16; Ex. H. PPEC made numerous attempts over the course of several months to obtain complete responses. Plaintiff cannot reasonably fault PPEC for seeking the Court's assistance.

By July 16, the parties reached a genuine impasse. Delaney Decl. ¶ 5. They disagreed on document production, whether Plaintiff would provide her Social Security number, and damages disclosures: nothing in the following months suggested that another conference would change either side's position. PPEC filed this Motion only after it became clear that further meet-and-confer efforts would be futile, especially with the October 30, 2026 fact discovery deadline approaching. Second Shea Aff. ¶ 20.

Moreover, Plaintiff's reference to settlement discussions is nothing more than a red herring. PPEC had been pursuing these deficiencies for months before any settlement communications occurred, and nothing prevents a party from exploring settlement while simultaneously preserving

its right to obtain discovery. Indeed, other district courts have found that parties should continue discovery efforts during settlement discussions because the information could lead to resolution either via settlement or trial. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 185-86 (W.D.N.Y. 2005); *Police Benevolent Ass'n of the City of New York, Inc., et al. v. City of New York, et al.*, No. 26-CV-3243, 2026 WL 2766997, at *5 (S.D.N.Y. Sept. 17, 2026) ("[T]he possibility that the parties may reach an agreement does not itself constitute good cause to stay otherwise appropriate discovery. In fact, the exchange of discovery is generally conducive to parties resolving actions without judicial involvement."). If settlement appeared to be imminent, the proper course would have been to seek a stay, not to withhold discovery PPEC needs to defend itself. The August 11 correspondence only shows that settlement discussions and discovery efforts were proceeding in parallel. *See* Delaney Decl. ¶ 6. It does not erase months of unresolved deficiencies or convert a legitimate discovery dispute into bad faith.

As this Court previously recognized in denying PPEC's first motion, a party's decision to provide discovery after a motion is filed does not deprive the movant of relief. *See* ECF No. 53, at 4 ("While Plaintiff argues that the motion to compel is largely moot, Fed. R. Civ. P. 37 states that production of discovery in response to a motion to compel does not moot the motion."). Plaintiff's last minute offer to supplement its responses, made only after PPEC filed this Motion, underscores the need for court intervention. *See Apex Oil Co.,* 855 F.2d at 1020. Had PPEC not filed its Motion, there is no reason to believe that Plaintiff would have provided the requested discovery at all.[2]

[2] Plaintiff's offer to appear for her deposition is agreeable. It is, however, yet another example of Plaintiff's pattern of agreeing to resolve a disputed issue only after PPEC was forced to file a motion to obtain it.

## III. PLAINTIFF MUST PROVIDE COMPLETE DISCOVERY RESPONSES

PPEC is entitled to Plaintiff's damages computation and Social Security Number—Plaintiff's failure to provide both renders her discovery responses incomplete. Plaintiff's own allegations place both into issue for two reasons. First, Plaintiff seeks actual and compensatory damages while alleging that the breach caused her "to suffer, and continue to suffer, economic damages and other actual harm" while also disclosing that she was reimbursed for some costs. *See* ECF No. 1, the Complaint, ¶ 53. Second, Plaintiff's refusal to provide her Social Security number is contrary to precedent holding that a party must disclose this information during discovery and is problematic since the information is directly relevant and at issue.

### 1. Plaintiff was obligated to provide her damages computation in her initial disclosures and is obligated to provide it as a discovery response.

Plaintiff's obligation to provide a damages computation is not, as suggested, contingent on expert discovery. *See* Opposition, at 9-10. PPEC is not seeking expert opinions, a final damages model, or a valuation of Plaintiff's alleged non-economic injuries. It seeks basic damages information that Plaintiff is specifically required to provide when the suit is filed and when discovery interrogatories during discovery:

> Rule 26(a)(1)(c) of the Federal Rules of Civil Procedure provides that a party <u>must, without awaiting a discovery request</u>, provide to other parties: ... <u>a computation of any category of damages claimed</u> by the disclosing party, making available for inspection and copying as under Rule 34 the <u>documents or other evidentiary material</u>, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the <u>nature and extent of injuries suffered</u>...

*Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (emphases added). Applying this Rule, a district court explained that this obligation is distinct from, and not deferrable to, expert discovery:

> That expert reports may later refine the analysis does not excuse Plaintiff from disclosing its present knowledge. <u>Indeed, courts in this district routinely find that a</u>

> party may not refuse to respond to interrogatories seeking damages calculations on the ground that expert analysis will refine the damages calculation. Rather, a party must provide responses based on the information available at the time, and later supplement them if necessary after expert discovery.

*Xinuos, Inc. v. IBM Corp.*, No. 22-CV-09777-CS-VR, 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025) (emphasis added).

Here, Plaintiff alleges that she paid approximately $209.88 per year for Aura identity protection services in 2023 and 2024 and that unauthorized charges appeared on her bank account on October 20, 2022, which she disputed and had reimbursed. Second Shea Aff. Ex. F (Pl.'s Am. Resp. to Interrog. Nos. 12-13); *see* Pl.'s Opp. 9. Yet, Plaintiff has not disclosed the amount of those charges or provided any computation of the out-of-pocket losses she alleges. PPEC is not seeking expert opinions, a final damages model, or a valuation of Plaintiff's alleged non-economic injuries. It seeks basic damages information that Plaintiff already possesses and is required to provide.

**2. Plaintiff is obligated to provide her Social Security number to PPEC's attorneys as discovery responses because they are directly relevant to her claims and caselaw establishes that this information cannot be withheld.**

Gaboriault is the named Plaintiff prosecuting this action, and she alleges that the misuse of her own personal information caused her injury. Her Social Security number is therefore directly relevant to both her claims and PPEC's defenses. Additionally, PPEC's own breach notifications state that the compromised data "may have included ... Social Security numbers," Compl. ¶ 8 & Ex. B, making Plaintiff's number central to whether, when, and where her information was exposed. Finally, PPEC cannot test the central premise of Plaintiff's case, that her information was exposed and is at risk of misuse, without her Social Security number to conduct the necessary dark web searches.

Plaintiff is not being asked to disclose her Social Security number publicly. A Stipulated Protective Order already governs confidential information in this action. *See* ECF No. 50 (entered

May 11, 2026). Any legitimate privacy concern is fully addressed by that Order – it is not a basis to withhold relevant discovery altogether. Plaintiff cannot place her identity and alleged exposure of personal information at the center of this lawsuit while refusing to provide basic identifying information relevant to those claims. Moreover, other courts have held that parties' Social Security numbers should be turned over during discovery. *See Jones v. JC Penney's Dept. Stores, Inc.*, 228 F.R.D. 190, 197 n.13 (W.D.N.Y. 2005) (collecting cases compelling turnover of social security information). Accordingly, the Court should compel a complete response to Interrogatory No. 1.

## IV. <u>PPEC IS ENTITLED TO ITS REASONABLE EXPENSES</u>

To the extent the Court grants any portion of the relief requested, Defendant respectfully submits that an award of expenses is warranted under Fed. R. Civ. P. 37(a)(5).

As stated above, Plaintiff's last-minute decision to supplement some responses do not moot the Motion. As this Court has already recognized, the fact that a party agrees to provide discovery after a motion is filed does not deprive the movant of relief. *See* ECF No. 53, at 4 ("While Plaintiff argues that the motion to compel is largely moot, Fed. R. Civ. P. 37 states that production of discovery in response to a motion to compel does not moot the motion."). Plaintiff now agrees to provide at least some of the relief Defendant has sought for months, including Rule 34-compliant responses concerning the existence of responsive documents. But Plaintiff's agreement comes only after she forced PPEC to expend resources seeking documents and information it was entitled to.

Defendant attempted to resolve these issues without court intervention. After months of correspondence and conferral efforts, Defendant was required to file this Motion to obtain complete responses just for Plaintiff to agree at the eleventh hour to answer some requests while still leaving others unresolved. Defendant therefore preserves its request for expenses to the extent permitted by Fed. R. Civ. P. 37(a)(5). *See Apex Oil*, 855 F.2d at 100 (imposing costs on a party

which decided to provide discovery responses only after the other party's motion to compel those discovery responses was pending).

## V. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court grant the foregoing Motion to Compel Plaintiff's Complete Responses to Defendant's Interrogatories and Requests for Production, and for Award of Expenses Pursuant to Fed. R. Civ. P. 37 and enter an order:

a) Compelling Plaintiff to serve full and complete responses to Defendant's First Set of Interrogatories and First Requests for Production within fourteen (14) days of the Court's order;

b) Overruling Plaintiff's improper objections to the propounded discovery and requiring Plaintiff to provide complete and specific responses, including a computation of each category of her claimed damages;

c) Awarding Defendant its reasonable expenses, including attorneys' fees, incurred in connection with this Motion pursuant to Fed. R. Civ. P. 37(a)(5), in an amount to be determined; and

d) Granting such other and further relief as the Court deems just and proper.

Dated: October 9, 2026

Respectfully submitted,

**DOWNS RACHLIN MARTIN, PLLC**

*_/s/ Matthew Borick_*
Matthew Borick
State Bar No. 4064
199 Main Street
Burlington, VT 05401
Telephone: (802)-863-2375
mborick@drm.com

**WOOD SMITH HENNING & BERMAN, LLP**

*/s/ Christopher J. Seusing*
Christopher J. Seusing *(Pro hac vice)*
.
Timothy D. Shea *(Pro hac vice)*
33 Riverside Avenue., Suite 502
Westport, CT 06880
Telephone: (475) 755-7040
Fax: (475) 755-7039
cseusing@wshblaw.com
tshea@wshblaw.com

***Attorneys for Defendant***
***Primmer Piper Eggleston & Cramer PC***

## CERTIFICATE OF SERVICE

I certify that on the date stated above I caused the foregoing to be filed with the Clerk of Court through the CM/ECF system, which will serve notice of the filing on all counsel of record.