**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| SHAWNA GABORIAULT, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., AND JOHN DOES 1 TO 10,<br><br>Defendant. | Civil Action No. 2:24-cv-00113 |

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND DISCOVERY SCHEDULE AND EXTEND DISCOVERY DEADLINES

## TABLE OF CONTENTS


**1 INTRODUCTION ..... 1**

**2 BACKGROUND ..... 2**

**3 ARGUMENT ..... 5**

3.1 Plaintiff Was Diligent: She Sought Relief Before the Deadline and After Repeated Meet-and-Confer Efforts. ..... 6

3.2 PPEC's Withholding of Core Investigation Materials Further Shows Why the Discovery Schedule Should Be Extended. ..... 7

3.3 The Requested Extension Will Not Prejudice PPEC. ..... 8

3.4 In the Alternative, the Court Should Grant Targeted Relief Sufficient to Complete the Withheld-Document Discovery, Related Depositions, and Dependent Expert Work. ..... 9

**4 CONCLUSION ..... 10**

# TABLE OF AUTHORITIES

## CASES

*Kassner v. 2nd Ave. Delicatessen Inc.*,
496 F.3d 229 (2d Cir. 2007) .......... 6

*Parker v. Columbia Pictures Indus.*,
204 F.3d 326 (2d Cir. 2000) .......... 5, 6

*Shemendera v. First Niagara Bank N.A.*,
288 F.R.D. 251 (W.D.N.Y. 2012) .......... 7

## RULES

Fed. R. Civ. P. 16(b)(4) .......... 5

Fed. R. Civ. P. 30(b)(6) .......... 4

Fed. R. Evid. 408(b) .......... 3

# 1 INTRODUCTION

Defendant's opposition recasts a timely, pre-deadline scheduling request as a sanctions-style attack on Plaintiff's counsel. The record does not support that framing. Plaintiff did not wait until after a deadline expired and then ask the Court's forgiveness. Plaintiff asked Defendant for consent to extend the remaining deadlines, followed up repeatedly, and filed this motion before the first affected deadline, the October 2, 2026 deadline for disclosure of Plaintiff's experts.

The motion is grounded in concrete scheduling pressure, not delay. On September 21, 2026, a trial was scheduled for November 30, 2026 in *Jeon v. Garden Homes Management Corp.*, BER-L-3918-24 (N.J. Super. Ct. Law Div.), a trial that materially affects the availability of Plaintiff's counsel Yongmoon Kim. Preparation for that trial overlaps the final weeks of fact discovery, when at least nine depositions are already noticed, and the trial itself falls squarely within the expert period: PPEC's expert disclosures are due November 20, 2026, and expert discovery closes December 31, 2026. Because the deadlines in this case are interdependent, a piecemeal adjustment would simply move the conflict from one phase of discovery to another.

Defendant is correct that Rule 16(b)(4) requires good cause and that diligence is the primary consideration. Plaintiff satisfies that standard. She moved promptly once the conflict materialized, after good-faith efforts to obtain consent, and in the middle of still-active fact discovery that both sides need to complete. PPEC's claim of prejudice is overstated and cannot be reconciled with the operative schedule, which sets no trial date and requires only that the case be trial ready in February 2027. For the reasons below, the Court should grant the requested extension or, in the alternative, a targeted extension sufficient to avoid the trial conflict.

## 2 BACKGROUND

This putative class data breach action arises from a November 2021 incident in which an unauthorized third party gained access to Defendant Primmer Piper Eggleston & Cramer, P.C.'s ("PPEC") network. The parties' operative schedule is the Stipulated Amended Discovery Schedule the Court entered on October 27, 2025. (ECF No. 45). Under that schedule, Plaintiff's expert disclosures were due October 2, 2026, fact discovery and non-expert depositions close October 30, 2026, Defendant's expert disclosures are due November 20, 2026, expert depositions and expert discovery close December 31, 2026, and the case is to be trial ready in February 2027.

On September 21, 2026, the *Jeon* trial was scheduled to begin November 30, 2026. That setting materially affects attorney Kim's availability both in the weeks leading up to the October 30 fact-discovery deadline, when trial preparation will compete with the depositions already noticed, and throughout the November and December expert period. Mr. Kim is proposed class counsel and is taking the depositions in this case, including the eight third-party depositions noticed for October 26 and 28, 2026, and the Rule 30(b)(6) deposition of PPEC noticed for October 29, 2026. Counsel did not sit on the conflict. Beginning three days later, Plaintiff's counsel conferred with Defendant's counsel by email regarding the requested extension on September 24, September 25, September 28, and September 29, 2026, and again on October 1, 2026. In those communications, Plaintiff followed up and asked defense counsel to respond "as soon as you can"; identified the November 30 *Jeon* trial conflict; and requested Defendant's consent to a 60-day extension while noting that Plaintiff's expert disclosure deadline was Friday, October 2, 2026.

Defendant's counsel advised that it was discussing the request with its client and expected to provide a response by Friday, October 2, 2026. Because that was the very day Plaintiff's expert disclosure deadline would expire, Plaintiff filed the motion on October 1, 2026, before the deadline, without further delay. (ECF No. 61).

The timing also must be understood against the parties' near-resolution of the case. The parties nearly resolved the matter months earlier, which reasonably affected the pace and focus of discovery. On May 8, 2026, Sean Patel advised that he was available "to discuss potential resolution of this matter," and on May 11, 2026, after the Court entered the protective order, Plaintiff's counsel responded that the parties should try to "get this wrapped up before" burdening the Court with motion practice. Settlement discussions continued into July. The parties held a July 7, 2026 Zoom conference to discuss terms, after which Plaintiff understood that t parties had reached tentative agreement on the substantive terms of a resolution.  Plaintiff offers this history not to prove the validity or amount of any claim, but to negate PPEC's contention that Plaintiff delayed discovery without reason. See Fed. R. Evid. 408(b).[1]

When the settlement discussions did not result in a final agreement, discovery necessarily resumed. After Mr. Patel was no longer actively handling the matter, Defendant's position shifted. On September 22, 2026, Plaintiff wrote to Chris Seusing, Timothy Shea, and Sean Patel that Defendant appeared to be "restarting negotiations from scratch," despite months of progress and terms Plaintiff understood had been worked through. At that point, Plaintiff had no choice but to resume discovery efforts, including seeking the very supplementation Defendant had promised months earlier.

[1] Fed. R. Evid. 408(b) states in part: (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

That same day, Plaintiff served a detailed deficiency letter on PPEC identifying deficient interrogatory responses and requests for production, explaining why each response was inadequate, and requesting that PPEC either confirm it would respond completely or advise of its availability to confer within seven days. The parties conferred by telephone on October 2, 2026, at which time PPEC's counsel advised that PPEC would supplement its responses during the week of October 5, 2026. As of this filing, PPEC has not supplemented its responses, and the deficiencies identified in Plaintiff's September 22, 2026 deficiency letter remain unresolved.

Those unresolved deficiencies are not collateral. They go directly to the discovery that PPEC now uses to resist class certification and to oppose extending the schedule. PPEC's expert relied on materials that PPEC did not produce, including the CRA Notification List and Kroll mailing reports. PPEC also has not produced a forensic or incident report, a privilege log, or documents showing which files comprised the approximately 76 GB targeted or the approximately 46 GB copied. Plaintiff should not be forced to complete depositions and expert work on the current compressed schedule while PPEC withholds documents its own expert used and while PPEC's promised supplementation remains outstanding.

Fact discovery is not complete. Defendant has not yet deposed Plaintiff, and the fact discovery deadline remains October 30, 2026. On September 25, 2026, Plaintiff served notices of deposition on PPEC's counsel, including a notice of deposition of PPEC under Federal Rule of Civil Procedure 30(b)(6) noticed for October 29, 2026, with topics addressing the categories, volume, and location of data accessed or copied, the approximately 76 GB of data identified for copying and the approximately 46 GB copied, and PPEC's investigation of the incident. During the parties' October 2, 2026 meet-and-

confer, PPEC advised that it would provide alternative dates for depositions.[2] Plaintiff has also served subpoenas on third-party witnesses with depositions noticed in the final days of the current fact discovery period, including a subpoena to Brian Manning for deposition on October 26, 2026, a subpoena to Linus Goedken of The Tech Group for deposition on October 26, 2026, a subpoena to Derrick Farmer of Vertek for deposition on October 26, 2026, a subpoena to Ron Hruby for deposition on October 26, 2026, a subpoena to Experian Information Solutions, Inc. for deposition on October 28, 2026, a subpoena to Beazley USA Services, Inc. for deposition on October 28, 2026, a subpoena to Pavel (Pasha) Sternberg for deposition on October 28, 2026, and a subpoena to Samara Kaufman for deposition on October 28, 2026. Each of those subpoenas also commands production of documents, electronically stored information, and other materials bearing on PPEC's systems, investigation, response, and the November 2021 incident. The current schedule therefore already compresses key depositions—both party and third-party—into the final days of the fact discovery period, leaving no realistic margin if any witness seeks to reschedule or if disputes arise over the accompanying document demands.

## 3 ARGUMENT

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause "depends on the diligence of the moving party," and exists where a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiff does not dispute that diligence is "the primary consideration."

[2] Plaintiff has not received alternative dates as of this filing.

*Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). But diligence is not the only consideration. A court "also may consider other relevant factors," such as prejudice to the opposing party. *Id.* at 244-45. Rule 16 does not require a showing of impossibility; it requires good cause, measured by diligence and informed by the realities of the case. Plaintiff satisfies that standard here.

### 3.1 Plaintiff Was Diligent: She Sought Relief Before the Deadline and After Repeated Meet-and-Confer Efforts.

Defendant's central premise, that Plaintiff "waited until October 1" and did nothing in the interim, is contradicted by the record. The conflict materialized on September 21, 2026, when the *Jeon* trial was set for November 30, 2026. Three days later, on September 24, Plaintiff's counsel asked PPEC to consent to extending the remaining deadlines, and followed up on September 25, September 28, September 29, and October 1, 2026. Plaintiff explained the trial conflict, requested a specific response, and asked for consent to a 60-day extension. This is the opposite of inaction. Plaintiff did not miss a deadline and seek forgiveness after the fact; Plaintiff identified the problem, attempted to resolve it by agreement, and moved before the first affected deadline expired.

Defendant's own delay in responding is what made a contested motion necessary. Defendant advised that it was still conferring with its client and expected to respond by October 2, 2026, the same day Plaintiff's expert disclosure deadline would lapse. Faced with an imminent deadline and no commitment from Defendant, Plaintiff filed on October 1 rather than let the deadline pass. A movant who seeks consent, follows up repeatedly, and files before the deadline has shown precisely the diligence Rule 16 requires. *See Parker*, 204 F.3d at 340.

Defendant's reliance on *Shemendera* is misplaced. *Shemendera* denied an extension where counsel invoked a crowded calendar and the party had done "little or nothing to schedule the depositions until the deadline arrive[d]." *Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 253 (W.D.N.Y. 2012). That same decision recognized that "unforeseen scheduling problems" can constitute good cause. *Id.* Plaintiff does not rest on generalized workload or "the press of other business." Plaintiff identifies a specific, newly set trial date, documents prompt and repeated efforts to obtain consent beginning three days later, and shows a filing made before the deadline. Those facts place this motion on the "unforeseen scheduling problems" side of *Shemendera*, not the "little or nothing" side.

### 3.2 PPEC's Withholding of Core Investigation Materials Further Shows Why the Discovery Schedule Should Be Extended.

PPEC's opposition contends that Plaintiff has had ample time to finish discovery and that an extension would prejudice PPEC. PPEC's own outstanding production answers both points. The need for additional time is driven in part by PPEC's own failure to produce core documents bearing on the facts now at issue in class certification and merits discovery. In its class-certification opposition (ECF No. 58), PPEC relies on the proposition that it cannot determine whose data was actually copied because the threat actor staged approximately 76 GB of data for exfiltration but only 46 GB was copied before the transfer stopped. Yet PPEC's own expert relied on materials that PPEC has not produced to Plaintiff.

PPEC's expert reviewed the CRA Notification List and four Kroll mailing reports, and claimed that her opinions rested on those materials. But PPEC did not produce the CRA Notification List or the four Kroll mailing reports. Nor has PPEC produced a

forensic or incident report, a privilege log, or any document showing which files made up the 76 GB targeted or the 46 GB copied.

That matters directly to the requested extension. PPEC cannot simultaneously resist an extension by arguing that discovery should be nearing completion while withholding the very materials necessary to test its position on what data was accessed, staged, copied, reviewed, and used to notify class members. Plaintiff has already sought those materials. PPEC refused to produce investigation reports in response to Request No. 21; stated in response to Interrogatory No. 17 that it would supplement withheld information after entry of a protective order; the Court entered that order on May 11, 2026; and PPEC still had not supplemented. Plaintiff again requested the forensic report and a privilege log by September 22, 2026 letter, and PPEC advised during the October 2, 2026 meet-and-confer that documents would be produced the following week, but as of this filing, PPEC had produced neither.

This record reinforces good cause under Rule 16. The requested extension is not a request for delay. It is a practical adjustment needed to complete discovery that PPEC's own conduct has made necessary: production of the withheld forensic and notification materials, depositions concerning those materials, and dependent expert work after the factual record is complete. A 60-day extension would allow those steps to occur in sequence and would avoid prejudice to Plaintiff from having to litigate expert and class issues without the documents PPEC and its expert have already used.

### 3.3 The Requested Extension Will Not Prejudice PPEC.

Diligence is the primary consideration, but the Court may also weigh prejudice to the non-moving party. Kassner, 496 F.3d at 244. PPEC identifies no concrete prejudice. The operative schedule sets no trial date; it provides only that the

case be trial ready in February 2027. (ECF No. 45.) A sixty-day extension moves that readiness date to April 2027 and disturbs no trial setting. Nor is either side finished with fact discovery. PPEC has not yet deposed Plaintiff, and PPEC has not served the supplemental responses it committed to serve during the week of October 5, 2026. Giving both parties time to complete discovery that neither has completed is not prejudice. Whatever cost PPEC attributes to continued litigation exists under any schedule; it is not a product of the extension.

### 3.4 In the Alternative, the Court Should Grant Targeted Relief Sufficient to Complete the Withheld-Document Discovery, Related Depositions, and Dependent Expert Work.

If the Court is not inclined to extend all deadlines by sixty days, Plaintiff respectfully requests targeted relief rather than denial. Targeted relief is warranted even apart from the November 30 trial conflict. PPEC has not produced the CRA Notification List, the Kroll mailing reports, a forensic or incident report, or a privilege log, and it has not offered alternative dates for its Rule 30(b)(6) deposition. Expert disclosures cannot responsibly be made, and expert discovery cannot be completed, until those materials are produced and the related depositions are taken. At a minimum, Plaintiff requests that the Court extend fact discovery for the limited purpose of completing the depositions already noticed and the discovery identified in Plaintiff's September 22, 2026 deficiency letter, and reset the expert deadlines to run from the close of that discovery. Settlement discussions explain why that discovery was not pressed earlier: the parties appeared close to resolution until September, and Plaintiff resumed discovery promptly once it became clear that PPEC was retreating from terms Plaintiff understood had been worked through.

## 4 CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion and amend the discovery schedule to extend all current deadlines by sixty days as proposed below, or, in the alternative, grant a targeted extension sufficient to complete the remaining depositions and dependent expert discovery without prejudice to either party.

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Deadline for Disclosure of Plaintiff's Experts on Liability and/or Damages | October 2, 2026 | December 1, 2026 |
| Deadline for Non-Expert Depositions | October 30, 2026 | December 29, 2026 |
| Fact Discovery Complete | October 30, 2026 | December 29, 2026 |
| Deadline for Disclosure of Defendant's Experts on Liability and/or Damages | November 20, 2026 | January 19, 2027 |
| Deadline for Expert Depositions | December 31, 2026 | March 1, 2027 |
| Expert Discovery Complete | December 31, 2026 | March 1, 2027 |
| Dispositive Motions and Daubert Motions | TBD | TBD, or 30 days after close of expert discovery |
| Trial Ready | February 2027 | April 2027 |

Dated: October 16, 2026

Respectfully submitted,

MARTIN DELANEY & RICCI LAW GROUP

*/s/ Andrew Delaney*
Andrew Delaney
100 North Main Street
Barre, Vermont 05641
Telephone: (802) 479-0568
andrew@mdrvt.com

KIM LAW FIRM LLC

*/s/ Yongmoon Kim*
Yongmoon Kim, Esq. (*pro hac vice*)
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Telephone: (201) 273-7117
ykim@kimlf.com

*Attorneys for Plaintiff Shawna Gaboriault*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2026, I filed the foregoing document with the Clerk of Court via the CM/ECF system, which will provide notice of such filing to all NEF counsel of record.

*/s/ Andrew Delaney*
Andrew Delaney