**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

| | |
|---|---|
| SHAWNA GABORIAULT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., AND JOHN DOES 1 TO 10,<br><br>Defendants. | Case No. 2:24-cv-00113-wks<br><br>Hon. William K. Sessions III |

**MOTION FOR ADMISSION PRO HAC VICE OF**
**KURT E. ANDERSON, ESQ. AND CHRISTOPHER J. MARINO, ESQ.**

Brooks G. McArthur, Esq., a member of the Bar of this Court, respectfully moves pursuant to Local Rule 83.1(b) for the admission pro hac vice of Kurt E. Anderson, Esq. and Christopher J. Marino, Esq. of Giordano, Halleran & Ciesla, PC (together, the "Applicants") to appear on behalf of nonparties Vertek Corporation, Ron Hruby and Derrick Farmer (together, the "Nonparties") in the above captioned action. In support of this motion, the undersigned states as follows:

1. The undersigned is a member in good standing of the Bar of this Court and practices with Gravel & Shea PC, 76 St. Paul Street, 7th Floor, P.O. Box 369, Burlington, VT 05401.

2. Kurt E. Anderson, Esq. is a shareholder of Giordano, Halleran & Ciesla, PC, 125 Half Mile Road, Suite 300, Red Bank, NJ 07701, (732) 741-3900, kanderson@ghclaw.com. Mr. Anderson is a member in good standing of the bar of the State of New Jersey (admitted 1988) and the State of New York (admitted 2019).

3. Christopher J. Marino, Esq. is a shareholder of Giordano, Halleran & Ciesla, PC, 125 Half Mile Road, Suite 300, Red Bank, NJ 07701, (732) 741-3900, cmarino@ghclaw.com. Mr. Marino is a member in good standing of the bar of the State of New Jersey (admitted 2004), the State of New York (admitted 2005) and the State of California (admitted 2009).

4. The Applicants represent the Nonparties in connection with subpoenas to testify at a deposition, with an accompanying demand for documents, issued by counsel for Plaintiff and directed to Mr. Hruby and Mr. Farmer. The Applicants seek admission so that they may represent the Nonparties in any proceedings before this Court relating to those subpoenas.

5. As required by Local Rule 83.1(b), the affidavit of each Applicant is submitted herewith as Exhibit A (Kurt E. Anderson, Esq.) and Exhibit B (Christopher J. Marino, Esq.), a certificate of good standing from the Supreme Court of New Jersey, the court of the state in which each Applicant maintains his primary office, is submitted for each Applicant as Exhibit C and Exhibit D, respectively, and the non-refundable fee of $150 for each Applicant, payable to "Clerk, U.S. District Court," accompanies this motion.

6. Pursuant to Local Rule 83.1(b)(4)(A) and (B), the undersigned will remain associated in this action with the Applicants at all times, will sign all filings made on behalf of the Nonparties and, except as waived by the Court as requested below, will attend all court proceedings.

**Request for Limited Waiver Under Local Rule 83.1(b)(4)(C).** Under Local Rule 83.1(b)(4)(C), "[t]he court may waive the provision in (B) for good cause shown." The undersigned respectfully requests that the Court waive the provision in Local Rule 83.1(b)(4)(B), for good cause shown, to the limited extent of excusing local counsel's attendance at any telephone or video conference with the Court that may arise during the remote deposition of either Mr. Hruby

or Mr. Farmer, including any conference requested by a party to resolve a dispute arising during the deposition.

7. Good cause exists for this limited waiver. The depositions have been noticed to proceed remotely by videoconference. Any conference with the Court arising during a deposition would likely be requested on little or no notice, and requiring local counsel to stand by for the full duration of each deposition solely to be available for such a conference would impose unnecessary expense on the Nonparties, who are not parties to this action. The Applicants, who will be defending the depositions and who are fully familiar with the matter, will be present for any such conference and will be bound by the Local Rules and the Vermont Rules of Professional Conduct. The requested waiver is limited to conferences arising during a deposition. It does not extend to any filing, which the undersigned will sign, or to any other hearing or court proceeding, which the undersigned will attend.

8. Under the Stipulated Amended Discovery Schedule/Order (ECF No. 45), the deadline for non-expert depositions and the completion of fact discovery is October 30, 2026. The Nonparties therefore respectfully request prompt consideration of this motion.

WHEREFORE, the undersigned respectfully requests that the Court (a) admit Kurt E. Anderson, Esq. and Christopher J. Marino, Esq. pro hac vice to appear on behalf of the Nonparties in this action; (b) waive the provision in Local Rule 83.1(b)(4)(B) for good cause shown to the limited extent of excusing local counsel's attendance at any telephone or video conference with the Court arising during the deposition of Mr. Hruby or Mr. Farmer; and (c) grant such other relief as the Court deems just. A proposed order is submitted herewith.

DATED at Burlington, Vermont, this 21st day of October, 2026.

GRAVEL & SHEA PC

By: */s/Brooks G. McArthur*

Brooks G. McArthur, Esq.
76 St. Paul Street, 7th Floor
P.O. Box 369
Burlington, VT 05410
(802) 658-0220
bmcarthur@gravelshea.com
Attorneys for Nonparties Vertek Corporation,
Ron Hruby and Derrick Farmer