UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| SHAWNA GABORIAULT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIMMER, PIPER, EGGLESTON, & CRAMER, P.C., AND JOHN DOES 1 TO 10,<br><br>Defendants. | ) | Case No. 2:24-cv-113 |

**OPINION AND ORDER**

Plaintiff Shawna Gaboriault ("Plaintiff"), individually and as personal representative of a putative class, brings this action against the law firm of Primmer Piper Eggleston & Cramer and various John Does (collectively "PPEC") claiming PPEC failed to protect her personal information from a cyberattack. Pending before the Court is PPEC's second motion to compel responses to certain interrogatories and requests for production. PPEC also moves for an award of expenses. For the reasons set forth below, the motion is granted in part and denied in part.

**Factual Background**

This case centers on a data breach that allegedly occurred between November 8 and November 11, 2021. The information at issue may have included "names, Social Security numbers, driver's license numbers, financial account numbers, dates of

birth, medical information, health insurance numbers, online credentials, tax identification numbers, passport numbers and/or electronic signatures." ECF No. 1 at 1, ¶ 1. The Complaint alleges there are 373 putative class members.

Plaintiff initiated the case on February 2, 2024. The Complaint asserts causes of action for negligence; negligent hiring and retention; breach of contract; breach of implied contract; invasion of privacy; publication of private facts; and unjust enrichment. For relief, the Complaint seeks both equitable relief and damages, including punitive damages.

PPEC served its First Set of Interrogatories and Requests for Production on March 31, 2025. Responses were due in May 2025. However, on May 1, 2025 the parties moved for a stay, informing the Court that a mediation had been scheduled for August 5, 2025. On July 15, 2025, the Court entered an order staying the case pending the mediation.

On October 15, 2025, PPEC notified the Court that the mediation had been unsuccessful. On October 27, 2025, the Court entered a Stipulated Amended Discovery Order lifting the stay and establishing various case deadlines. PPEC served responses to Plaintiff's discovery requests and first document production on February 13, 2026. PPEC also requested Plaintiff's overdue response to its discovery requests. On April 17, 2026, PPEC filed its first motion to compel, arguing that Plaintiff's

responses were untimely. The Court denied the motion, finding that Plaintiff's delayed production was substantially justified.

PPEC has now filed a second motion to compel, focusing on the substance of Plaintiff's responses. PPEC reports, through counsel, that the parties conferred about the allegedly-deficient responses on June 24, 2026. As a result of that discussion, Plaintiff's counsel agreed to provide amended responses and to confer again on July 9, 2026, if those amendments were still viewed as incomplete. Plaintiff served amended responses on July 7, 2026. On July 14, 2026, PPEC's counsel sent a letter to opposing counsel identifying continued alleged deficiencies and demanding further amended responses. As of September 11, 2026, Plaintiff had not provided such further amendments, and PPEC filed the instant motion to compel.

PPEC's motion to compel argues that Plaintiff's responses are deficient in several respects, including allegedly-evasive answers, internal inconsistencies, and a failure to provide a precise computation of claimed damages. PPEC also argues that Plaintiff has wrongfully failed to provide her Social Security number. Plaintiff opposes the motion, arguing that PPEC failed to confer about those specific issues prior to filing its motion, and that the motion is otherwise without merit because adequate answers have been provided. Plaintiff further submits that, to the extent PPEC seeks supplemental information, such

information may be pursued during expert discovery and Plaintiff's yet-to-be-held deposition.

## Discussion

### I. The Duty to Confer

Federal Rule of Civil Procedure 37(a)(1) states that when filing a motion to compel, a party "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. This Court's Local Rule 26(c)(2) states that if discovery issues are not resolved after counsel for the parties have conferred, a motion to compel must be accompanied by an affidavit that states: (A) counsel conferred in good faith; (B) the dates of the conference; (C) the names of the participants; (D) the length of time of the conference; (E) any issues still unresolved; and (F) the reasons for the unresolved issues. L.R. 26(c)(2).

Here, PPEC has submitted an affidavit from Attorney Timothy Shea. Shea attests to the June 24, 2026, conference described above, which resulted in amended responses that PPEC still finds unacceptable. Rather than hold a second conference to discuss those issues, PPEC sent a letter to Plaintiff's counsel setting forth its claims.

Plaintiff argues that PPEC had a continuing duty to confer about the parties' differences. Plaintiff also notes that the Shea affidavit is deficient in several respects, including a failure to state the length of the initial conference and failure to identify unresolved issues. In response, PPEC contends that it had no ongoing duty to restart the meet-and-confer process every time a deficient response was served.

Courts have held that a letter, rather than in-person conversation, does not satisfy the duty to confer. *See, e.g.*, *Marsch v. Rensselaer Cnty.*, 218 F.R.D. 367, 372 (N.D.N.Y. 2003) ("Where, as here, the moving party has sent a single letter to opposing counsel and taken no further steps to confer on the issue, the moving party has not satisfied its duty to make a good faith effort to resolve the dispute before seeking court intervention."); *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y. 1997). Here, PPEC did more than send a "single letter." *Marsh*, 218 F.R.D. at 372. It instead engaged in the meet-and-confer process, at least initially, in an effort to resolve differences. While additional conferences would have demonstrated closer adherence to the relevant rules, the Court finds that a post-conference effort to resolve remaining issues by letter does not necessarily violate those rules. *See, e.g.*, *Reidy v. Runyan*, 169 F.R.D. 486, 490 (E.D.N.Y. 1997) (excusing

failure to confer because compromise was unlikely). The Court will therefore consider PPEC's claims.

**II. Alleged Deficiencies**

PPEC first contends that Plaintiff's amended responses are evasive and incomplete. PPEC contends that Plaintiff's "responses to RFP Nos. 4, 5, 8, 9, 10, 13, 14, 17 and 18 are internally inconsistent" insofar as Plaintiff has offered to provide responsive documents to the extent they exist, but has not identified any such documents. Those responses are not inconsistent. Plaintiff is unable to provide what she does not possess, and acknowledges her ongoing duty to produce materials if uncovered in the course of further investigation.

With respect to interrogatory responses, PPEC identifies a series of alleged deficiencies, including: (1) refusal to provide Plaintiff's Social Security number and prior addresses; (2) declining to identify individuals with whom Plaintiff discussed the data breach; (3) deferral to PPEC's records rather than answering based on Plaintiff's own knowledge; (4) and providing narrative descriptions of claimed damages while omitting the specific dollar amounts requested. Beginning with the question of damages, Plaintiff informs the Court that she has identified the $209.88 per year she paid for identity theft protection in 2023-2024. She also explains that while PPEC seeks the exact amount of a certain transaction in October 2022, she

and her husband disputed the transaction and received the money back. As to the narrative descriptions of damages, those damages pertain to issues such as loss of privacy and emotional distress. Those sorts of damages do not lend themselves to ready quantification and are instead calculated after, among other things, the testimony of Plaintiff and any relevant experts.

PPEC's request for supplementation as to "the individuals with whom Plaintiff discussed the Data Breach" appears misplaced. The interrogatory identified in the briefing did not ask that exact question, and instead inquired about people Plaintiff "interviewed in connection with this case" and whether statements were obtained (ECF No. 57-3 at 4). Plaintiff provided a response to that interrogatory, and the Court will not compel her to respond to a different question that was not actually served.

PPEC next claims Plaintiff failed to provide contact information for any credit monitoring or theft protection services. Plaintiff responds that the provider in question is called Aura, that "Aura is a company" and that PPEC "can find it." ECF No. 60 at 10. That response is inadequate. Plaintiff must provide the requested information.

Plaintiff must also provide her Social Security number. The Court understands that a Social Security number is necessarily private and must be protected from public dissemination. In this

case, the parties have entered into a Stipulated Protective Order that governs confidential information. ECF No. 50. PPEC submits that without Plaintiff's Social Security number, it cannot search the "dark web" to investigate a central element of her case: whether her information was, in fact, exposed. In the absence of any claim by Plaintiff that such a search would be prejudicial, the information must be produced.

In sum, PPEC's motion to compel is denied with two exceptions: providing the requested information about Aura, and providing Plaintiff's Social Security number. That information shall be produced within 14 days of this Opinion and Order. The motion is otherwise denied.

**III. PPEC's Entitlement to Expenses**

PPEC claims that is it entitled to expenses incurred in filing the motion to compel, citing Federal Rule of Civil Procedure 37(a)(5). Rule 37(a)(5)(C) states that, when a motion to compel is granted in part and denied in part, the Court "may," but need not, "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Given the mixed result of PPEC's motion to compel, that parties shall each bear their own costs with respect to the motion.

## Conclusion

For the reasons set forth above, PPEC's second motion to

compel (ECF No. 57) is granted in part and denied in part.

DATED at Burlington, in the District of Vermont, this 30th day of October 2026.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge